## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.
### John Ganey, claimant.

Essex.    November 8, 1876. — January 4, 1877.

A complaint under the St. of 1876, c. 162, signed by two persons, averred that intox-
icating liquors were kept by A. "in a certain tenement situated on the northeast-
erly junction of B. Street and C. Street, and known as the Portsmouth Ale De-
pot," in G., and occupied by A. as a place of common resort, and which liquors
were intended " by said A. for sale in this Commonwealth, contrary to law, he, the
said A., not being authorized to sell the same in this Commonwealth, or keep the
same for sale for any purpose, or by any other legal authority whatever." The
jurat on the complaint, signed by the justice of the court to which the complaint
was addressed, recited that it was "received and sworn to." The warrant issued
on this complaint recited the averment of the complaint, and directed the officer
" to enter the tenement herein above described" and make search thereof. *Held,*
that the premises to be searched were sufficiently described ; that it was sufficiently
alleged that A. kept the liquors described with intent to sell them contrary to law ;
and that the jurat imported that the complaint was sworn to by both the complain-
ants.

A complaint and a warrant under the St of 1876, c. 162, described the premises to
be searched as a " certain tenement" known as the Portsmouth Ale Depot, occu-
pied by A. as a place of common resort. At the trial, there was evidence that the
first floor of the building was kept as a liquor store, and that the three upper sto-
ries, having an independent stairway from the street, were used as a dwelling-
house. *Held,* that the place directed to be searched was not a dwelling-house,
within the statute ; and that the fact, that the upper floors of the building were
used as a dwelling-house, was immaterial.

The claimant in a proceeding under the St. of 1876, c. 162, is a defendant in a crim-
inal prosecution within the meaning of the St. of 1864, c. 121, § 1, and must prove
his license, authority or appointment.

COMPLAINT on the St. of 1876, c. 162, to the Police Court of
the city of Gloucester, signed by two persons, alleging that they,
" being of full age and competent to testify," have reason to
believe and do believe that certain intoxicating liquors " are kept
and deposited by John Ganey in a certain tenement situated on
the northeasterly junction of Rogers Street and Central Street,
and known as the Portsmouth Ale Depot, in said Gloucester,
and occupied by said Ganey as a place of common resort kept
therein, and which liquors are intended by said Ganey for sale
in this Commonwealth, contrary to law, he, the said Ganey, not
being authorized to sell the same in this Commonwealth, or keep
the same for sale for any purpose, or by any other legal author-

ity whatever, against the peace of the Commonwealth and the form of the statute in such case made and provided." The jurat on the complaint, signed by the justice, stated that the complaint was "received and sworn to at said Gloucester, before said court."

The warrant issued on this complaint recited the averment of the complaint, and directed the officer "to enter the tenement nerein above described," and make search, &c. In the Superior Court, before the jury were empanelled, John Ganey, who appeared as claimant, filed a motion to quash the complaint for the following reasons : "1. That the complaint to search and warrant to search, issued under the above entitled complaint, do not sufficiently designate so as to identify, set forth and describe the building, structure or place in which the liquors in said complaint named were kept and deposited at the time of the making of the complaint and issuing of the warrant thereunder. 2. That it does not appear what person or persons swore or affirmed to said complaint, or that either or both of said complainants did make oath or affirmation to the complaint aforesaid. 3. That it is not averred in said complaint that the liquors therein named and described were kept by said John Ganey with the intent to sell them contrary to law. 4. That it does not appear, and it is not alleged or set forth in the said warrant, what person or who intended said liquors for sale contrary to law. 5. That the warrant of search aforesaid is not supported by the oath or affirmation of the complainants therein named. 6. That it does not appear on the face of the warrant of search or otherwise, on what day the complaint aforesaid was made to the court in which it appears it was made. 7. That the said complaint does not fully, plainly, substantially and formally set forth the offence or alleged cause of complaint."

*Rockwell*, J., overruled the motion ; and the case was then tried. It appeared in evidence that the liquors in question were kept and deposited, at the time of the making of the complaint, on the first floor of a three story building ; that there was a stairway leading from the street to the upper floors of the building ; that the claimant had carried on and kept the first floor of the building as a wholesale and retail liquor store for the eight years immediately preceding the seizure of the liq-

uors in question, and, at the time of the seizure, was keeping
the first floor as such store; that the upper floors of the build-
ing were at the time of making the complaint, and for some
time prior thereto had been and were occupied by three fami-
lies who used them as their dwelling-places. It was admitted
that the tenement in question was situated at the northeasterly
junction of Rogers Street and Central Street in Gloucester,
and that the store and tenement of the claimant was entirely
separate from the other part of the building, and that there
was a sign leading out from the store, marked Portsmouth Ale
Depot.

At the close of the evidence, the claimant requested the judge
to instruct the jury as follows: "1. A building, a part of which
is in use at the time of the making of the complaint and the
issuing of the warrant of search thereunder as a dwelling-place
or dwelling-house, is a dwelling-house within the meaning of the
St. of 1876, c. 162. 2. If the jury find one of the complainants
did not make oath or affirmation, before the issuing of the war-
rant of search, that the liquors in question had been sold in the
building from which they had been seized, or had been taken
therefrom for the purpose of being sold by John Ganey, or by
his consent or permission, contrary to law, within one month
next before the making of the complaint, then the claimant is
entitled to a verdict. 3. The burden of proving that the claim-
ant acted without license, appointment or authority, is upon the
government, and the government is bound to prove that the
claimant acted without license, appointment and authority."
The judge refused so to instruct the jury; and the claimant al-
leged exceptions.

*C. F. Donnelly*, for the claimant.

*W. C. Loring*, Assistant Attorney General, for the Common-
wealth.

MORTON, J. 1. The motion to quash was properly over-
ruled. The premises to be searched are sufficiently described,
and it is clearly alleged that Ganey kept the liquors described
with intent to sell them contrary to law. The jurat imports
that the complaint was sworn to by both the complainants.

2. The first two requests for instructions were properly re-
fused. The complaint and warrant does not describe the place

to be searched as a dwelling-house, but as a tenement known as the Portsmouth Ale Depot, occupied by said Ganey as a place of common resort. The fact that the upper floors of the building in which this tenement was situated were occupied as a dwelling-house is immaterial. *Commonwealth* v. *Intoxicating Liquors,* 108 Mass. 19.

3. The claimant requested the court to instruct the jury " that the burden of proving that the claimant, John Ganey, acted without license, appointment or authority is upon the government, and that the government is bound to prove that the claimant acted without license, appointment and authority." The court refused to give this instruction. It may be that the technical burden of proof is upon the government to show that the claimant had no license, appointment or authority; but if the St. of 1864, *c.* 121, applies to this case, the instruction requested could not have been given without misleading the jury, because the last clause imports that the government could not rely upon the presumption created by the statute, but must prove by affirmative evidence the want of a license, appointment or authority.

The statute provides that, " in all criminal prosecutions in which the defendant relies for his justification upon any license, appointment or authority, he shall prove the same; and, until such proof, the presumption shall be that he is not so authorized." St. 1864, *c.* 121, § 1. A proceeding under the St. of 1876, *c.* 162, for the forfeiture of intoxicating liquors illegally kept and intended for sale is a criminal prosecution. *Commonwealth* v. *Intoxicating Liquors,* 115 Mass. 142. The only question is, whether the claimant who becomes a party in such proceeding is a defendant within the meaning of the St. of 1864.

By the St. of 1876, *c.* 162, §§ 1–3, the person by whom the liquors to be seized are owned, kept or possessed is to be named in the complaint; and, by § 5, written notice is to be issued, " commanding the person complained against as the keeper of the liquor seized, and all other persons claiming any interest therein," to appear " to answer to said complaint; " and, by § 7, " time and opportunity for trial and defence shall be given to persons interested." By § 8, " the person complained against," or any person interested, " may appear and make his claim," " and he

shall be admitted as a party on the trial." By § 11, if a claim-ant appears and fails to sustain his claim, he is liable to an ex-ecution for costs ; and "if such execution is not forthwith paid, the defendant therein named shall be committed to the jail." The claimant has, by § 12, "the same right of appeal, and to the same court, as if he had been convicted of a crime."

It appears from these provisions, and from the whole scope of the statute, that the claimant, who appears, becomes a party, as defendant, in the prosecution. He is a party who is to an-swer the charges in the complaint, and defend himself and his property against such charges. He has the same rights as to the rules of evidence and mode of trial, and of appeal, as other defendants in criminal cases.

We are of opinion that he is a defendant in a criminal prose-cution, within the fair interpretation of the St. of 1864, and therefore that, if he relies for his justification upon any license, appointment or authority, he must prove the same, or the pre-sumption will be that he is not so authorized.

*Exceptions overruled.**

---

* A similar decision was made in Suffolk, January 3, 1877, in the case of COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Michael Sullivan, claimant, in which the only exception insisted upon was to the ruling "that it was for the claimant to prove his license, if he had any, and that, as he had not produced it, the presumption was that he was not authorized to sell tne liquors."

THE COURT                                    *Overruled the exceptions.*

C. F. *Donnelly*, for the claimant.

W. C. *Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.