COMMONWEALTH *vs.* SAMUEL REED.

Worcester.    October 1, 1894. — October 18, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Illegal Sale and Keeping — Judgment of Forfeiture — Conviction.*

On the trial of a complaint against intoxicating liquors, under Pub. Sts. c. 100, § 30, no judgment of forfeiture can be rendered unless it is proved that the liquors seized, or some part thereof, were owned or kept or deposited by the person charged in the complaint. A judgment in such case, ordering the delivery of the liquors to a claimant who is not named in the complaint, settles nothing as to the legality or illegality of such claimant's intention.

One may be convicted of keeping a tenement used for the illegal sale and keeping of intoxicating liquors, upon proof that he kept the tenement for the purpose of having it used by somebody else for the illegal sale and keeping of liquor, although he did not intend to make any sale himself.

COMPLAINT, for the keeping of a tenement for the illegal sale and keeping of intoxicating liquors between May 1, 1892, and January 1, 1893, at Gardner.

At the trial in the Superior Court, before *Maynard*, J., it appeared by the record of the First District Court of Northern Worcester, that upon complaint made to that court on December 31, 1892, certain liquors therein named were, on June 18, 1892, and up to the date of the complaint, kept by the defendant and one Spencer upon the premises alleged in the complaint to be illegally kept by the defendant, and a warrant issued; that under it one and a half quarts of whiskey in two

bottles were found and seized upon the premises; that notice duly issued to the defendant and Spencer, and all other persons claiming an interest in the liquors, to appear and show cause why they should not be forfeited; that the notice was returned to court on its return day; that Webster Kendall appeared by counsel and claimed the liquors; that on January 18, 1893, a hearing was had, and the court found that the liquors were the property of Kendall, and ordered their return to him; and that on January 19, 1893, they were so returned.

One Wilson, a police officer of the town of Gardner, testified that the warrant was given to him to serve; that he and one McIntyre proceeded to search the premises; that he found behind the register counter of the hotel, in a pocket of an over-coat, a quart bottle of whiskey; that in the kitchen on the safe he found about one half-pint of whiskey in a bottle; that they found no other intoxicating liquors in the house; that the same liquors were brought on January 18, 1893, before the First District Court of Northern Worcester; that upon the hearing as to the forfeiture of the liquors he testified identically as he had in the case at bar; and that Kendall did not testify.

McIntyre testified that he was with Wilson in the search in question; that he testified in the lower court as Wilson testified; that he testified upon the question of the forfeiture of the liquors identically as he now testified, except that he testified in the lower court that Kendall claimed the liquors at the time of the finding; and that there was no evidence upon the hearing beside that of himself and Wilson. No further evidence was offered concerning these liquors except that, upon cross-examination, Kendall, called as a witness by the defendant, testified to the ownership of the liquors. It appeared in evidence that the premises in question were used by the defendant as a hotel.

One Briggs, a witness for the government, testified that in December, 1892, he stopped several days at this hotel; that at various times during this period he bought whiskey there from Kendall, who was a hostler for the defendant, from one Draper, who was clerk of the hotel, and from the defendant; that he had seen these parties make sales of whiskey to other persons; and that these sales to him and to other parties were usually made from a bottle taken from their pockets, but sometimes

from a bottle taken from a valise. He further testified that, in a conversation with the defendant in regard to the risks of the business, the defendant said that, if a raid was made, he would have some one claim the liquors; all of which evidence was denied by Draper, Kendall, and Reed.

At the close of the evidence, the defendant asked the judge to strike from the record the evidence as to the search and seizure. The judge refused so to do, and the defendant alleged exceptions. The defendant also asked the judge to instruct the jury that they were not to take into consideration the evidence as to the finding of the liquors upon the premises and that the record was conclusive in this case that the liquors were not kept there by the defendant for the purpose of illegal sale. The judge refused so to do, and instructed the jury that the record introduced was conclusive upon the government that the liquors seized upon the search-warrant belonged to Kendall, and the fact that they were found and were seized upon the premises upon the warrant, was not to be considered by them against the defendant, unless they should find that they were owned and kept there by Kendall for the purpose of being sold by the defendant and his servants within the scope of their authority.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. H. Atwood & J. A. Stiles,* for the defendant.

*F. A. Gaskill,* District Attorney, for the Commonwealth.

ALLEN, J. The judgment in the seizure case determined conclusively against the Commonwealth that the liquors were not kept or deposited by the defendant and intended for sale by him contrary to law, and that Kendall was the owner thereof. But there was no determination and no trial of the question whether Kendall kept them with an intent to sell them in violation of law. Kendall was not named in the complaint; no charge was made against him. He appeared, as authorized by statute, to defend his title to his property. The person believed to be the owner, possessor, or keeper of the liquors, intending to sell the same contrary to law, must be particularly set out by special designation, both in the complaint and in the warrant, and the offence must be fully, plainly, and substantially described in both. Pub. Sts. c. 100, §§ 30, 32. Any other person claim-

ing an interest in the liquors and vessels seized may appear and make his claim verbally or in writing, and a record of his appearance is to be made, and he is admitted as a party on the trial, becomes liable to costs if he fails, and has a right of appeal. §§ 37, 40, 41. St. 1888, c. 277. Nevertheless, though he thus becomes a party for some purposes, there is no complaint nor charge against him, except indirectly that the property which he claims is kept or deposited with unlawful intent by somebody else. The proceedings are in their nature criminal, and no charge of crime is made against him, and no criminal charge can be tried without a complaint in writing. *Fisher* v. *McGirr,* 1 Gray, 1, 29, 35, 42, 43.

In *Commonwealth* v. *Intoxicating Liquors,* 122 Mass. 8, it was said that the claimant who appears becomes a party, as defendant in the prosecution, who is to answer the charges in the complaint. The language of the court referred to a claimant who was charged in the complaint as being the keeper of the liquors, and is not fully applicable to a claimant who is not named in the complaint.

The judgment in the seizure case is conclusive against the government only as to those facts which were necessarily involved therein. *Burlen* v. *Shannon,* 99 Mass. 200. *Sly* v. *Hunt,* 159 Mass. 151, 153. *Commonwealth* v. *Ellis,* 160 Mass. 165. Kendall's intention, whether lawful or unlawful, was not in controversy. The question of his title was the only one tried as to him. This being found in his favor, he was entitled to have his property delivered to him unless it was kept by Reed with unlawful intent. If the complainants wished to charge Kendall with keeping it with an unlawful intent, they should have made that averment in a formal way, in a new complaint. On the trial of a complaint against intoxicating liquors, no judgment of forfeiture can be rendered unless it is proved that the liquors seized, or some part thereof, were owned or kept or deposited by the person charged in the complaint. An illegal intention on the part of any other person is not charged or put in issue, and cannot be tried ; but if such other person appears as claimant and maintains his claim successfully, it tends to negative the charge in the complaint.

It is consistent with the former judgment that Kendall may

have intended to sell the liquors unlawfully in the defendant's tenement; and under the instructions of the court the jury have found that the defendant was guilty of keeping his tenement for the illegal sale or keeping of liquors. This finding was warranted by proof that he kept his tenement for the purpose of having it used by Kendall for the illegal keeping and sale of liquors, although he did not intend to make any sale himself. *Commonwealth* v. *Lynch*, 160 Mass. 298.

The court therefore was right in refusing to give the ruling requested.                                           *Exceptions overruled.*