COMMONWEALTH *vs.* JOHN HAYES.

Plymouth.   October 25, 1896. — November 24, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Sale and Keeping — Conviction.*

One may be convicted for the illegal sale or keeping for sale of intoxicating liquors,
' if the jury find that he kept or maintained the premises, and that any part
thereof which was not let to or hired by another was, with the defendant's
assent, used for the illegal sale or keeping, and that that was one of the purposes
for which the premises were kept by the defendant.

COMPLAINT, for the illegal keeping and illegal sale of intoxicating liquors, between January 1 and September 26, 1895, at Brockton.

At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to show that the premises consisted of a house with a large barn attached thereto, the barn facing the street, and standing from sixty to seventy feet distant from it; that between the dates named men were seen to go into the yard and to the barn sober, and come away intoxicated; that the defendant was often in the driveway between the street and the barn, talking to the people as they went to and came from the barn; that on several occasions in January and February, 1895, one Goodall had gone into the barn and found the defendant and one Campbell there, had called for liquor, received it from Campbell, and had paid the money for it to him; that upon the service of a search-warrant on September 25, 1895, liquors were found in the barn, in the harness-room, and under the floor of the shed, or kitchen; that the defendant owned the premises, and lived in the house from January to May, 1895; that between May 1 and September 26 the defendant was living at his summer home at Onset, but came to his house in Brockton every two or three weeks on Saturday evenings and remained until Monday morning; and that on Sundays he was about the place talking to the people going to and coming from the barn.

The defendant offered Campbell as a witness, who testified that he hired of the defendant two rooms in the second story of the

barn, a stall for his horse, with the privilege of keeping his hay, grain, and carriage in the barn, in common with others to whom the defendant also let stall room, and the privilege of using the harness-room that was connected with the barn ; that for these rooms and privileges he was to take care of the defendant's horse and do the chores about the barn; that this arrangement continued until May 1, when the defendant went to Onset, after which time he paid to the defendant one dollar per week in addition to the work he did ; that soon after he took possession of the rooms he began to sell liquor, keeping it in the cellar of the barn, in the barn, the harness-room, under the floor of the shed or kitchen, and under the eaves in the back part of the second story of the barn ; that he made frequent sales in the barn and harness-room ; that the defendant knew that he kept liquor on the premises and sold it there, but had no interest or ownership in the liquors, or in the business of selling them; and that the defendant never made any of the sales.

The defendant requested the judge to give the following instruction : " If the jury find that the defendant had no interest in and no ownership of the intoxicating liquors sold by Campbell, they must return a verdict of not guilty under the form of complaint."

The judge refused to give this instruction, instructed the jury fully in accordance with the doctrine laid down in the case of *Commonwealth* v. *Churchill*, 136 Mass. 148, and then instructed the jury " that if they should find that the defendant kept or maintained said premises, and that any part thereof which was not let to or hired by said Campbell was with the assent of the defendant used for the illegal sale or keeping for sale of intoxicating liquors, and that was one of the purposes for which said premises were kept by the defendant, he should be convicted."

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*H. Kingman*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.

MORTON, J. The complaint alleged, in substance, that the defendant kept and maintained a common nuisance by keeping and maintaining a tenement which was used by him for the

illegal keeping and sale of intoxicating liquors. The instruction requested would, if given, have required the jury to acquit the defendant, unless they found that he had an interest in or was an owner of the liquor sold by Campbell. But the assent of the defendant to the use of his premises by Campbell for illegal sales would, if proved, have justified a verdict against him for keeping and maintaining a common nuisance. The jury could have found upon the evidence that he not only assented to such a use, but assisted in the use as a proprietor, and if he did he used his premises for the illegal keeping and selling of intoxicating liquors. The instruction which was requested was therefore rightly refused, and that which was given was correct. *Commonwealth* v. *Reed,* 162 Mass. 215. *Commonwealth* v. *Lynch,* 160 Mass. 298. *Commonwealth* v. *Churchill,* 136 Mass. 148.

*Exceptions overruled.*