FRANK KOONOVSKY *vs.* AUGUST QUELLETTE.

Bristol. October 24, 1916. — May 21, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle. Nuisance. Witness,* Weight of testimony.

In an action for personal injuries sustained by being run into by a motor car owned and operated by the defendant but not registered in his name and bearing the number plates of the keeper of a garage named F, where a witness is asked, "Let's see, this F is a dealer in automobiles, isn't he?" and answers, "Garage, yes, dealer and repairs," it can be found on this evidence that F was a dealer within the meaning of St. 1909, c. 534, §§ 1, 4, and therefore was entitled to have and use such number plates on a car in his control.

If it nowhere appears in evidence except by the above testimony what knowledge the witness who made this answer had of the nature or character of F's business, this does not prove that his testimony was untrue and the weight to be given to it is a matter for the consideration of the jury.

In the same case it was *held,* that the evidence presented at the trial required the submission to the jury of the issues, whether the keeper of the garage was a dealer in motor vehicles, whether he controlled as a dealer the defendant's motor car, whether at the time of the plaintiff's injury the motor car had upon

it a distinguishing number or mark given to the dealer by the highway commission and whether the dealer's right to use the number or mark was in force.

If a motor car is operated by its owner upon a highway without being registered in the name of the owner or bearing lawfully the number or designating mark of a manufacturer or dealer, a person who is injured by a collision with such unregistered car can recover damages in an action against the operating owner without proving that he was negligent in operating the car, his liability being that of a wrongdoer maintaining a nuisance on the highway.

TORT by a minor by his next friend for personal injuries sustained on March 8, 1914, from being struck by an unregistered motor car owned and operated by the defendant on Pleasant Street in Fall River. Writ dated June 1, 1914.

In the Superior Court the case was tried before *Callahan,* J. It appeared that at the time of the accident there were on the defendant's car number plates of one Fontaine, a dealer in motor vehicles. The evidence in regard to this and other circumstances of the case is described in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. If the defendant was operating an automobile which had been placed in the care and control of a garage owner and dealer and the garage owner had placed a dealer's plate upon the automobile, while upon the highways of Fall River and at the time of the accident, then there was no violation of the law and the automobile was lawfully upon the highways.

"2. That the plaintiff must prove that the defendant was negligent in the operation of the automobile.

"3. That if the defendant was operating an unregistered automobile, that said operation was only evidence of the defendant's negligence but not conclusive."

The judge refused to make any of these rulings, and left the case to the jury with other instructions which are described and quoted in the opinion. The jury returned a verdict for the plaintiff in the sum of $485; and the defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in October, 1916, and afterwards was submitted on briefs to all the justices.

*D. Silverstein,* for the defendant.

*D. R. Radovsky,* for the plaintiff.

PIERCE, J. The motor car that the defendant owned and was operating on Pleasant Street, a public highway in the city

of Fall River, on March 8, 1914, when it came in collision with the plaintiff, was not registered under St. 1909, c. 534, § 2.

The defendant offered testimony tending to prove that the machine had been since the first of January, 1914, was at the time of the accident, and continued to be until April or May, 1914, in the control of one Fontaine for the purpose of sale, of renting or for use; that Fontaine kept a garage; that he was a dealer in motor vehicles as such a person is defined by St. 1909, c. 534, §§ 1, 4; that Fontaine as such dealer had number plates registered under St. 1909, c. 534, § 4; that the plates which were on the defendant's machine were registered plates for the year 1914, and were paid for by Fontaine.

It was not shown affirmatively that Fontaine had applied to the highway commission for any distinguishing numbers or marks, but the jury well could find that Fontaine had the distinguishing numbers for the year 1914, and from that fact could find that he not only had applied to the commission but also that the commission had acted favorably upon his application and had caused to be issued to him as a dealer distinguishing marks for that year. That Fontaine was a dealer could be found from the testimony of one Briggs, who answered "Garage, yes, dealer and repairs" in response to the question "Let's see, this Fontaine is a dealer in automobiles, isn't he?" The fact that "Nowhere does it appear in evidence what knowledge Briggs had of the nature or character of Fontaine's business except above testimony" does not prove that the statement was not true. The knowledge of Briggs may well have been intimate and accurate, and the weight to be given to his testimony was therefore a matter for the consideration of the jury.

That Fontaine was in control of the motor car of the defendant for the purpose of sale, or for renting or for use, could be found from the uncontradicted fact that Fontaine put his own registered number plates on it and from the testimony of the defendant that "he gave his car to Mr. Fontaine for sale, to sell it or use it or let it . . . that if Fontaine sold it he would get a commission, the same as any one who sells a machine or a house for some one else," that he asked Fontaine to use the car, "that if Mr. Fontaine had let the car the money for letting it would have to go to Mr. Quellette," the defendant.

In reference to the first request, "If the defendant was operating an automobile which had been placed in the care and control of a garage owner and dealer and the garage owner had placed a dealer's plate upon the automobile, while upon the highways of Fall River and at the time of the accident, then there was no violation of the law and the automobile was lawfully upon the highways," the presiding judge after reading to the jury St. 1909, c. 534, § 4, continued, "The section which I have just read is pertinent, because there had been introduced by the defendant in this case some evidence which the defendant offered for the purpose of showing that the automobile passed into the general control of another person. In other words, the defendant sought, as he had a right to do, to claim that at the time of the accident his machine had passed into the control of another, whose general distinguishing mark or number was upon the machine at the time of the accident, and that that being true, the burden was upon the plaintiff to show that the other person had not registered the machine in accordance with the requirements of the law. If the defendant offered sufficient evidence upon that point, it would be my duty to submit to you the question of whether Mr. Fontaine had control of this machine, within the meaning of the statute, at the time of the accident. But I rule that the defendant offered no sufficient evidence to show that Mr. Fontaine was a manufacturer or dealer within the meaning of those terms as employed by the statute, and that even if there had been such evidence there was no sufficient evidence that the physical control of the machine passed from this defendant to Mr. Fontaine. I, therefore, instruct you, that you would not be justified in finding that the defendant's automobile had passed from his control so as to exempt him from the laws relating to registration; and I further instruct you, that in using the machine without registration, as provided for in § 2, which I have read, he was engaged in an act contrary to law."

The evidence required the submission to the jury of the issues, whether Fontaine was a dealer in motor vehicles, whether he controlled as a dealer the motor car of the defendant, and whether at the time of the accident the motor car had upon it a distinguishing number or mark given to the dealer by the highway commission; as also, whether the dealer's right to use the num-

ber or mark was in force.  In the opinion of a majority of the court, the withdrawal of these issues from the consideration of the jury was error, and the exceptions must be sustained.

Should the jury find that Fontaine was not a dealer in motor vehicles or was not the registered holder of number plates for the year 1914 or was not in control of the defendant's machine, or should it find that the motor car did not in fact bear the number or mark of the dealer, the defendant's requests "2. That the plaintiff must prove that the defendant was negligent in the operation of the automobile" and "3. That if the defendant was operating an unregistered automobile, that said operation was only evidence of the defendant's negligence but not conclusive," could not have been given, because, if the machine was unregistered by owner or dealer, its presence on the highway was in itself unlawful and against the right of all other persons who were lawfully using the highway.  It was "outside the pale of travellers" and was an outlaw, *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, *Holden* v. *McGillicuddy*, 215 Mass. 563; and because as a wrongdoer and creator of a nuisance the defendant is liable at least for all the direct injury resulting from such act, although such resulting injury could not have been contemplated as the probable result of the act done, and therefore was not the result of an act of negligence.  "If I am sued for a nuisance and the nuisance is proved, it is no defence on my part to say and to prove that I have taken all reasonable care to prevent it."  *Rapier* v. *London Tramways Co.* [1893] 2 Ch. 588, 600.  *Amberg* v. *Kinley*, 214 N. Y. 531.  *Fairbanks* v. *Kemp, ante,* 75.

*Exceptions sustained.*