LAURA NICHOLS *vs.* HOLYOKE STREET RAILWAY COMPANY.

LEON NICHOLS *vs.* SAME.

LAURA NICHOLS *vs.* JAMES J. DOWD.

LEON NICHOLS *vs.* SAME.

Hampden.    September 18, 1924. — October 16, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Motor Vehicle,* Registration.    *Way,* Public: improperly registered motor vehicle.    *Trespass.*

A woman, who was engaged in business and was the owner of a motor vehicle, made application for its registration as a " Ford touring " with a given engine number and horse power, and received a certificate on such application.    Later, because of the breaking down of a truck which she used in her business, she purchased a truck body, removed the touring car body from the chassis of the motor vehicle, placed the truck body thereon, and used it for delivering goods.    While in such use, the motor vehicle was run into by another motor vehicle by reason of negligence of its owner, and she brought an action against such owner, in which action the defendant denied liability by reason of the fact that at the time of the accident the vehicle of the plaintiff was improperly registered and was unlawfully using the highway.    *Held,* that

(1) There was a material and important variation between the " Ford touring " car which was described in the plaintiff's application and certificate for registration and the motor vehicle which was run into by the defendant;

(2) The plaintiff's motor vehicle was a trespasser on the highway;

(3) In the absence of reckless and wilful misconduct attributable to the defendant, the plaintiff could not recover.

FOUR ACTIONS OF TORT, respectively by the owner and by the driver of a motor vehicle which was run into by a second motor vehicle driven by the defendant Dowd and was caused

to fall into an excavation left in the highway by the defendant street railway company.   Writs dated January 24, 1921.

In the Superior Court, the actions were tried together before *Callahan,* J.   Material evidence is described in the opinion.   At the close of the evidence, a verdict was entered for the defendant in each action by order of the trial judge. The plaintiffs alleged exceptions.

The cases were submitted on briefs.

*R. P. Stapleton & E. J. Stapleton,* for the plaintiffs.

*W. H. Brooks, J. P. Kirby & D. H. Keedy,* for the Holyoke Street Railway Company.

*C. S. Lyon & A. B. Green,* for Dowd.

WAIT, J.   On December 21, 1920, an automobile owned and operated by the defendant Dowd struck an automobile owned by the plaintiff Laura and operated by the plaintiff Leon, driving it into an excavation which the defendant Holyoke Street Railway Company had made in Dwight Street, Holyoke.   The several plaintiffs brought separate actions for damages against the defendants.   The four cases were tried together in the Superior Court.   At the conclusion of the evidence, the judge directed verdicts for the defendants, and the cases are before us upon the plaintiffs' exceptions to the correctness of these orders.

There was no evidence of wilful or wanton recklessness on the part of either defendant.   The defendants contended that the plaintiffs were trespassers without right upon the highway at the time of the accident because their automobile was not legally registered.   Without dispute, the evidence showed that in October of 1920, Laura Nichols registered, in her name, an automobile described in the application and certificate as "Ford touring; Engine number, 2361185; Horse power, 22 . . . "   This car she used for pleasure driving until a day or two before the accident.   She carried on, with some assistance from her husband who was a carpenter, a business in Christmas trees and wreaths, and used for deliveries an Oakland truck belonging to her husband.   This truck needed repairs and she decided to use the Ford machine temporarily for deliveries while the Oakland was out of use.   She, however, wished not to scratch

the touring car body of the Ford machine. So she purchased a secondhand " delivery body " from dealers in secondhand bodies and parts, and on December 19 or 20 removed the touring car body from the Ford chassis, taking off everything back of the hood, and put in its place the delivery body. This called merely for loosening six bolts; exchanging the delivery for the touring car body upon the chassis; and tightening up the bolts. The delivery body consisted of a windshield, seat and a box-like body having six posts to keep a load from falling off, and a back board which let down at the rear. No other change was made; engine, chassis, wheels, remained as before; but what had been a touring car now bore the characteristic appearance of a Ford truck, though, in fact, the chassis was lighter than that of a regular Ford truck. The registry plates for the touring car were continued in use on the machine in its changed form. No new registration was taken out.

The car which was struck by Dowd's automobile and driven into the excavation made by the street railway appeared to be, and, indeed, was referred to by several witnesses as, a " Ford truck."

The judge in directing the jury to return verdicts for the defendants went upon the ground that the vehicle in which the plaintiffs were riding as owner and operator was not then registered in accordance with law.

The law is well settled that an unregistered motor vehicle is a nuisance upon the highways. *McDonald* v. *Dundon*, 242 Mass. 229, and cases cited. The statute in force when this accident took place, St. 1909, c. 534, § 9, provided: " No motor vehicle shall be operated . . . unless registered in accordance with the provisions of this act . . . " St. 1919, c. 294, amending St. 1909, c. 534, required for registration, in the application, " a brief description of the motor vehicle or trailer, including the name of the maker, the number, if any, affixed by the maker, the character of the motor power, the amount of the motor power stated in figures of horse power, and in respect to motor trucks and trailers, the carrying capacity. . . . " Furthermore, in § 2, it based the registration fee for trucks, commercial trailers and com-

mercial motor vehicles used solely as such, on carrying capacity, and not on horse power as in the case of other motor vehicles.

The description " Ford touring " does not describe the machine which was injured.  That machine was described by the witnesses as a " Ford truck."  No one who saw it at the moment when the rights of the parties to these actions must be determined would have described the one-seated, box-bodied, stake-bounded car in Dwight Street as a touring car.  And this is not unimportant.  One main purpose of the registration as this court frequently has declared is to secure identification in the event of accident or wrongdoing. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Fairbanks* v. *Kemp*, 226 Mass. 75.  *Rolli* v. *Converse*, 227 Mass. 162.  *Koonovsky* v. *Quellette*, 226 Mass. 474.  *Shufelt* v. *McCartin*, 235 Mass. 122.  If any one had been injured by this car and had sought to identify it, he probably would have been misled.  Although he had noted the registry number it bore, and thereafter had found that Laura Nichols held such a number, he would conclude that he had mistaken the number, since the registration applied to a touring car while the car in fault had been a Ford delivery wagon or truck.  The very thing he was certain about, the kind of car in fault, would cast the gravest doubt on the ownership evidenced by the registration.  The law should not permit such mystification.

Again, the law as it was when the accident happened as well as when Mrs. Nichols took out registration, makes a distinction in the fees for registration between touring cars, assessed on a basis of horse power, and trucks, assessed on a basis of carrying capacity.  It should not permit a motor vehicle assessed on one basis to be transformed without new registration into a motor vehicle which properly should be assessed upon another basis.

The verdicts were properly directed.  Inasmuch as this decision disposes entirely of all the cases, it is not necessary to consider the other points discussed by counsel.

*Exceptions overruled.*