FRANCIS O'HALLERON *vs.* BESSIE MILLER.

Suffolk.   November 14, 1930. — February 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Motor Vehicle,* Operation, Registration. *Way,* Public: trespasser.
  *Trespass. Evidence,* Presumptions and burden of proof.

At the trial of an action for personal injuries suffered by the plaintiff while riding on a public way in an automobile, which collided with an automobile of the defendant by reason of negligence of the defendant, the plaintiff testified that he was employed by a certain corporation; that the motor vehicle in which he was riding bore the number plates of his employer and was owned by a dealer in automobiles; that he had driven the motor vehicle to the house of one to whom he was trying to sell it and by whom, at the time of the accident on a Sunday, it was being driven. There was no evidence to show what were the relations between the plaintiff's employer and the owner of the automobile or that the employer was then a dealer in or manufacturer of motor vehicles or that it held the car for repair or for purposes of sale. A verdict was ordered for the defendant. *Held,* that

(1) A self-serving statement by an attorney for the plaintiff's employer in a letter to the registrar of motor vehicles, with reference to the accident, "My client's car which was being demonstrated," was not evidence of the ownership of the car at the time of the accident to be weighed in contradiction of the plaintiff's own testimony;

(2) The plaintiff was bound by his own testimony that the automobile was owned by the dealer, not by his employer;

(3) Since the evidence of the plaintiff showed that the automobile bore registration numbers improperly thereon, as a matter of law it had no rights other than those of a trespasser on the public way, and the verdict properly was ordered for the defendant.

TORT for personal injuries. Writ dated October 31, 1927.

In the Superior Court, the action was tried before *Walsh,* J. There was evidence of negligence of the defendant. Other material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. D. Driscoll,* for the plaintiff.

*R. Gallagher* (*N. F. Fermoyle* with him,) for the defendant.

WAIT, J.    This is an action of tort.    The plaintiff seeks to recover compensation for personal injuries received by him through a collision between an automobile in which he was riding on a public way with an automobile of the defendant.    The trial judge, pursuant to motion, directed a verdict in favor of the defendant.    The plaintiff excepted.    One ground set forth in the motion was that the motor vehicle in which the plaintiff was riding was a trespasser upon the highway and the plaintiff, knowing that it was not being operated with the number plates of the owner, is not entitled to recover.    Testimony of the plaintiff was to the effect that he was employed by the Newton Auto Sales Inc.; that the motor vehicle in which he was riding bore the plates of his employer and was owned by one Turner, a dealer in automobiles; that he had driven the motor vehicle to the house of one Quinn, to whom he was trying to sell it and by whom, at the time of the accident on a Sunday, it was being driven.    The defendant contends that the plaintiff was knowingly in a car then being operated in violation of G. L. c. 90, § 9, which forbids the operation upon any way of a motor vehicle not licensed in accord with c. 90, and carrying its register number.

The car in which the plaintiff was riding bore a number plate issued to the Newton Auto Sales Inc.    That company did not own the car.    Its number plate could be used properly upon the car to give it a legitimate standing upon a way only if the company at the time of this accident was in the business of repairing motor vehicles or was a manufacturer or dealer in them within the provisions of G. L. c. 90, § 5, as amended by St. 1923, c. 464, § 2, and was in control of the car.    *McDonald* v. *Dundon,* 242 Mass. 229.    G. L. c. 90, §§ 5, 6, 9, as then amended. The bill of exceptions is bare of evidence to show the relations between Turner, the owner, and the Newton Auto Sales Inc., or that the Newton Auto Sales Inc., was then

a dealer in or manufacturer of motor vehicles or that it held the car for repair or for purposes of sale. All that appears is that the plaintiff was an employee of the Newton Auto Sales Inc., who attached plates belonging to that company to a car which it did not own, and used the car bearing these plates while endeavoring to sell it. There is nothing in the record to show that the plaintiff was authorized to sell the automobile for the owner. *Royle* v. *Worcester Buick Co.* 243 Mass. 143, 146. The self-serving statements of the attorney for the Newton Auto Sales Inc., made after the accident, in a report to the registrar of motor vehicles: " In behalf of a client of mine, Newton Auto Sales Inc. . . . I beg to report . . . My client's car which was being demonstrated . . . ." are not evidence of the ownership of the car at the time of the accident to be weighed in contradiction of the plaintiff's own testimony, by which he was bound, *Grady* v. *Gardiner,* 272 Mass. 491, 495, that the car was owned by Turner. The accident occurred on Sunday, August 7, 1927, when, presumably, he was not at work for his employer but was acting for himself. The evidence does not establish the facts or justify the inferences which in *Koonovsky* v. *Quellette,* 226 Mass. 474, were held to be sufficient to require submission of the case to a jury. It follows that the judge was right in directing a verdict for the defendant. *Nichols* v. *Holyoke Street Railway,* 250 Mass. 88. *Brown* v. *Alter,* 251 Mass. 223.

*Exceptions overruled.*