Putnam, C. J.
A man named Rogers owned an automobile which was duly registered. He kept it at a public garage. That garage made a practice of renting cars for hire to people who wished to hire a car to drive. The plaintiff, desiring to hire a car to drive, went to that garage and *138 hired a car, which was in fact the car of Rogers. The garage had no authority whatever to rent Rogers’ car to the plaintiff or to anyone else. The plaintiff did not know this and did not know whose car it was. While driving it the plaintiff received personal injury in an accident which, it is agreed, consisted of a collision with an automobile operated by the defendant. It was agreed at the trial that there was evidence warranting a finding that the plaintiff was in the exercise of due care; that the defendant was guilty of ordinary negligence; and that the plaintiff was injured. There was a general finding for the plaintiff. By timely and appropriate requests for rulings the defendant raised the question of law that, it being conclusively shown' by the evidence that the plaintiff was operating Rogers’ car under circumstances which threw no responsibility on Rogers or on Rogers’ insurance company, the motor vehicle liability policy under which Rogers was insured was not in effect during the period of the operation of Rogers’ car by the plaintiff, and that therefore the car could not be found to be legally registered during that period and was a trespasser upon the highway. The trial judge ruled that the car was legally registered at all times.
We quote from the defendant’s brief his attorney’s precise statement of his position:
“It is assumed by the defendant . . . that the evidence conclusively shows that the plaintiff was not responsible for his operation to the owner of the motor vehicle with his express or implied consent, and that, therefore, the motor vehicle insurance policy covering the said car was not in effect during the operation by the plaintiff . . .
From that point the defendant goes on to argue that the car was illegally registered and, therefore, was a trespasser, on the highway, and that therefore the defendant owed the plaintiff, as the driver of an unregistered car, no *139 duty other than to refrain from injuring him by wanton, wilful and reckless conduct.
On the assumption that it lies in the mouth of the defendant to make this contention, in spite of the fact that he has been found to have been himself guilty of negligence which was the sole cause of the accident, we proceed to consider it.
We agree with the defendant that the evidence in the report in this case shows conclusively that Rogers’ car was not being operated with his express or implied consent.
We will agree further that if the registrar of motor vehicles had issued number plates and a certificate of registration to Rogers without requiring the latter to furnish a certificate by an insurance company as required by law (Gr. L. (Ter. Ed.) C. 90, §§1A, 34A) the car would have been illegally registered.
But we are unable to agree “that the motor vehicle insurance policy covering the said car was not in effect during the operation by the plaintiff.”
The dominant purpose of the compulsory insurance act was to make provision for security in the collection of compensation for damages sustained without fault by travellers on the highway through the negligent operation of motor vehicles. O’Roak v. Lloyds Casualty Co., 285 Mass. 532, 535.
Rogers, the owner of the car and the only person by law entitled to apply for insurance and toi register the car, had done his part. He had applied for and secured an insurance policy, the terms of which are not before us but which doubtless conformed to law. He had furnished the registrar of motor vehicles the certificate called for by G-. L. (Ter. Ed.) C. 90, §§1A and 34A. He had been issued a certificate of registration and number plates by the registrar. *140 •The mere chance that Corliss was operating the car without Rogers’ knowledge or consent does not operate to suspend or abrogate the insurance policy or invalidate the registration. The law did not require Rogers to provide and maintain a policy which would insure payment to careful persons injured by his car when driven by some person who had no express or implied authority from Rogers to drive it. (G. L. (Ter. Ed) C. 90 §34A. And whatever Corliss might or might not see fit to do could not operate to abrogate or invalidate the existing insurance policy issued to the owner of the car. The car was at all times covered by a policy provided and maintained by the only person who had a right and a duty to provide and maintain such a policy, —i. e. Rogers.
Cases like Fine v. Kahn, 270 Mass. 557; Rolli v. Converse, 227 Mass. 162; and Nichols v. Holyoke Street Railway Co., 250 Mass. 88, are distinguishable.
There is no merit in the defendant’s contention that Rogers’ car was a trespasser on the highway at the time of the accident, and the requests for rulings were properly denied.
Report dismissed.