HOWARD GOULD *vs.* EDWARD E. ELDER.

Essex.    November 4, 1914. — November 30, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Automobile,* Registration.  *Negligence,* In use of automobile, In use of highway.

If the owner of an automobile which is not lawfully registered expressly or impliedly permits another to operate it upon a highway in this Commonwealth and by reason of negligence of the operator a traveller on the highway is injured, the owner is liable for such injuries whether the operator was using the automobile as the owner's agent or servant or on business or pleasure of his own.

TORT for personal injuries caused by the plaintiff being struck by an automobile. Writ dated September 20, 1911.

The action was begun against Edward M. Elder. Later by amendment Edward E. Elder was added as a defendant. Before

the case was submitted to the jury, it was discontinued against Edward M. Elder.

In the Superior Court the case was tried before *Sanderson,* J. Material evidence is described in the opinion.

It was stated in the bill of exceptions that "there was sufficient evidence for the jury that the accident in question and the injury to the plaintiff might have been caused by the negligence of Herbert W. Elder, who was operating the automobile at the time of the accident."

At the close of the evidence, the defendant made the following requests for rulings, among others:

"1. That on all the evidence of the case the verdict should be for the defendants."

"12. If the jury find upon all the evidence that the operator in charge of the automobile was not engaged in any business of or for the defendants at the time of the accident, then the question as to whether the automobile in question was properly registered is not material."

The rulings were refused. The jury found for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*C. G. Metzler,* for the defendant.

*P. B. Kiernan,* for the plaintiff.

CROSBY, J. The plaintiff, a boy nine years old, while a traveller upon a public way, was struck by an automobile and injured. The automobile was operated by one Herbert W. Elder, a brother of the defendant Edward M. Elder, and a son of Edward E. Elder, the other defendant. The action has been discontinued against Edward M. Elder, and the case was submitted to the jury solely against Edward E. Elder.

The only question presented is whether upon the evidence the jury were warranted in finding the defendant Edward E. Elder chargeable with the negligence of his son Herbert. This question is raised by the defendant's first and twelfth requests for rulings.

The automobile which struck the plaintiff was owned by Edward E. Elder, but was registered in the name of Edward M. Elder under a dealer's license. St. 1909, c. 534, § 4. The statute provides that "'Dealer' shall include every person who is engaged in the business of buying, selling or exchanging motor vehicles, on commission or otherwise, and every person who lets for hire

two or more motor vehicles." On the date of the accident which occurred on August 22, 1911, Edward M. Elder conducted a garage, but whether the business there carried on was his own or whether he was acting as the agent and employee of his father was in dispute at the trial. We are of opinion that upon the evidence and the reasonable inferences to be drawn therefrom, the jury would have been warranted in finding, as contended by the plaintiff, that Edward M. Elder was in his father's employ and that the latter was the real owner of the business and was conducting it by his agent and employee. Upon such a finding it would follow that the automobile was not legally registered, and that it should have been registered in the name of the defendant Edward E. Elder.

A finding that this machine was not lawfully registered made its operation upon the highway illegal. St. 1909, c. 534, § 9. The operation of an unregistered machine is made a criminal offense. St. 1909, c. 534, § 18. If this automobile was found by the jury not to be properly registered, the defendant could not legally operate it upon the highway; nor could he lawfully authorize or permit any other person so to operate it.

If the jury found that this car was not duly registered and that the defendant permitted his son Herbert to operate it upon the highway, the defendant is liable for the consequences of any negligence of Herbert; and this is true whether Herbert at the time was acting within the scope of his employment or was using the car in connection with his own business or for pleasure. *Bourne* v. *Whitman,* 209 Mass. 155. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443.

If, however, on the day of the accident, the machine was taken and used by Herbert without the permission or consent of his father, either express or implied, then the latter would not be liable, and the presiding judge so instructed the jury.

There was evidence to show that Herbert was in his father's employ as a bookkeeper and collected rents and frequently used the automobile with the knowledge and consent of the defendant; and so far as the evidence shows the defendant never objected to such use. We are of opinion that the jury could have found that on the day of the accident the machine was being operated with the implied assent and permission of the defendant.

As the jury could have found that the business was being carried on by the defendant Edward E. Elder, and that the automobile was not properly registered; and as they could have found further that Herbert W. Elder at the time was using the machine with the permission of his father, they were warranted in finding the latter liable for negligence in such operation.

The defendant's counsel contends that unless the jury found that at the time of the accident the car was being operated by Herbert W. Elder acting within the scope of his employment, there can be no liability, and that the evidence did not warrant such a finding; but this contention is not sound. As has been pointed out, if the jury believed that the plaintiff was injured by reason of the negligence of Herbert W. Elder in operating an unregistered machine upon the highway, which machine was owned by the defendant and was so operated with his permission, express or implied, that was enough to charge him with liability for negligence.

For the reasons given, the defendant's first request that a verdict be directed for him could not have been given. The defendant's twelfth request was properly refused because it was not a correct statement of the law. The charge of the presiding judge fully and correctly stated the principles of law governing the case.

*Exceptions overruled.*