VIVIAN G. FAIRBANKS, administrator, *vs.* EDYTHE M. KEMP.

Essex.    November 9, 1916. — February 26, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In operating motor vehicle, Causing death.    *Motor Vehicle. Practice, Civil,* Exceptions.    *Damages,* In tort, Penal.

If, after a man has applied under St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, for the registration of a motor car belonging to him, he dies and the highway commissioners, not being notified of his death, issue the certificate of registration in his name, whereupon his widow, who also is one of the executors of his will, places the registration numbers on the car and herself operates it on a public way where she runs down and causes the death of a traveller on foot who is in the exercise of due care, she is a trespasser upon the highway and, if her unlawful act in operating the car in violation of law has contributed directly to causing the death of the traveller, she is liable in damages under R. L. c. 171, § 2, as amended by St. 1907, c. 375, to the executor of the will or the administrator of the estate of the deceased.

In an action by an administrator under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate when he was walking across a highway in the exercise of due care by running him down with a motor car negligently operated by the defendant, if it appears that the defendant's car was not registered legally and the judge, before whom the case is tried without a jury, erroneously rules that the defendant's violation of law in failing to comply with the requirements of St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, is immaterial in determining the issues raised by the pleadings and that it is no evidence of negligence, and then finds for the plaintiff on the ground that the intestate's death was caused by the defendant's negligence and assesses damages in a sum which the plaintiff regards as insufficient, the plaintiff is entitled to have his exceptions to the erroneous rulings sustained so far as they relate to the issue of damages, because it cannot be said that the judge would not have assessed the damages in a larger amount if he had taken into consideration the fact of the illegal registration.

There is no warrant for a construction of St. 1907, c. 375, which would impose necessarily the maximum penalty of $10,000 in every case where the death of a traveller on a highway in the exercise of due care was caused by an unregistered motor vehicle.    The blameworthiness of each wrongdoer must be judged by his conduct in the light of the attendant circumstances.

TORT under R. L. c. 171, § 2, as amended by St. 1907, c. 375, by the administrator of the estate of Isabelle C. Fairbanks, late of

Swampscott, for causing the death of the plaintiff's intestate on Labor Day, September 6, 1915, shortly after eleven o'clock in the forenoon on a street called Monument Avenue leading out of Humphrey Street in Swampscott. Writ dated [October 18, 1915.

In the Superior Court the case was tried before *Hall*, J., without a jury. It appeared that the defendant personally was driving a six cylinder Packard car, about fifteen feet long over all, having had about a year's experience with the Packard car and about two years' experience in driving motor vehicles; that there was a male companion seated at her side and a chauffeur was in the rear seat; that she was coming from Cambridge and was bound for Gloucester; that she came down Humphrey Street on her right hand side and turned across into Monument Avenue; that the plaintiff's intestate came from Burrill Street on foot and had entered Monument Avenue for the purpose of crossing to take an approaching street car on Humphrey Street bound for Boston; that she was knocked down and run over by the defendant's car and, although not instantly killed, was rendered unconscious and died without recovering consciousness at about three o'clock the same afternoon. The evidence in regard to the registration of the defendant's car is described in the opinion.

At the close of all the evidence the plaintiff asked the judge to make the following ruling: "The defendant was driving an illegally registered machine, she was therefore an outlaw on the public highway, and her act in running down and killing Mrs. Fairbanks constituted the maximum degree of culpability under St. 1907, c. 375." The judge refused to make this ruling.

At the defendant's request the judge made the following rulings:

"1. Assuming that the automobile operated by the defendant at the time of the accident was improperly and illegally registered, the fact is immaterial in the determination of the issue raised by the pleadings.

"2. If the defendant failed to comply with the provisions of the St. 1909, c. 534 [§ 2, as amended by St. 1912, c. 400,] even though they [her acts] constitute a violation of law, it is not a cause contributing to the accident, but a condition of it, and therefore does not render the defendant liable.

"3. The illegal and improper registration of the automobile operated by the defendant at the time of the accident, if indeed such registration was illegal or improper, is no evidence of negligence of the defendant in relation to the injuries and death of the plaintiff's intestate.

"4. The defendant is liable only if she was negligent in the actual operation of the automobile and such negligence caused the injuries to the plaintiff's intestate."

The judge found for the plaintiff in the sum of $2,250; and the plaintiff, being dissatisfied with the amount of the verdict, alleged exceptions.

R. L. c. 171, § 2, as amended by St. 1907, c. 375, is as follows: "If a person or corporation by his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business, causes the death of a person who is in the exercise of due care and not in his or its employment or service, he or it shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars to be assessed with reference to the degree of his or its culpability or of that of his or its agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, one half thereof to the use of the widow and one half to the use of the children of the deceased, or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin."

*S. Parsons*, (*C. D. C. Moore* with him,) for the plaintiff.

*H. R. Mayo*, (*G. W. Howe* with him,) for the defendant.

DE COURCY, J. The plaintiff's intestate was struck and killed by a motor car operated by the defendant; and this action under R. L. c. 171, § 2, as amended by St. 1907, c. 375, is brought to recover damages for her death. The judge of the Superior Court, sitting without a jury, found in favor of the plaintiff and assessed damages in the sum of $2,250. Being dissatisfied with the amount, he brings the case before this court on exceptions to some of the judge's rulings and refusals to rule.

The rulings in question relate to the registration of the car that caused the injuries. The application for registration was dated November 9, 1914, and was signed by Horace G. Kemp, then

the owner. The certificate of registration was dated January 1, 1915, and expired December 31 of that year. Horace G. Kemp died before the registration took effect, namely, on December 27, 1914. The defendant, who is his widow and one of the executors of his will, placed the registration numbers on the car in March, 1915, when it first was taken out. The accident occurred on Labor Day, September 6, 1915.

The statute relative to motor vehicles (St. 1909, c. 534, § 2, as amended by St. 1912, c. 400) expressly provides that "Application for the registration of motor vehicles may be made by the owner thereof." The certificate issued thereon by the highway commission "shall contain the name, place of residence and address of the applicant . . . and contain such further information as the commission may determine." Further, "Upon the transfer of ownership of any motor vehicle its registration shall expire;" but the owner may obtain a rebate, or may register in his name another motor vehicle for the remainder of the year. It is apparent from these and other provisions of the statute that the Legislature intended that a motor vehicle should be registered in the name of its owner. *Downey* v. *Bay State Street Railway*, 225 Mass. 281. Presumably one purpose aimed at was to afford to travellers on the highway means of redress, by enabling them to ascertain easily the name and address of the owner of a motor vehicle that occasions injury to them. See *Holden* v. *McGillicuddy*, 215 Mass. 563; *Gould* v. *Elder*, 219 Mass. 396. In the case at bar, Horace G. Kemp was the owner of the car in November, 1914, when he applied for registration for the calendar year 1915. The commission intended to issue the certificate to him and to no one else; and were not informed that he died some days before it was to go into effect. In these circumstances it never attached, and plainly could not protect the defendant in September, 1915. It was as ineffective as a deed of a present estate of possession to a grantee not in existence, see 18 Ann. Cas. 871, note; or a policy of life insurance where the applicant dies before it is issued. *Marks* v. *Hope Mutual Life Ins. Co.* 117 Mass. 528. *Rogers* v. *Charter Oaks Life Ins. Co.* 41 Conn. 97. And see *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277. The motor car which the defendant was driving was not legally registered. Under the law of this Commonwealth it was regarded as a nuisance,

and the driver as a trespasser, upon the public way. *Chase v. New York Central & Hudson River Railroad,* 208 Mass. 137. *Conroy* v. *Mather,* 217 Mass. 91, 94. *Dean* v. *Boston Elevated Railway,* 217 Mass. 495. And the defendant, who was operating this machine in violation of law at the time of the accident, was responsible to the plaintiff if her unlawful act directly contributed to the intestate's injury. *Gately* v. *Taylor,* 211 Mass. 60, 64, and cases cited. *Boston Ferrule Co.* v. *Hills,* 159 Mass. 147.

It follows that the trial judge erred in making the rulings requested by the defendant. The error in granting the requests numbered 2, 3 and 4, which relate to the issue of liability only, did not harm the plaintiff, however, because the judge found in his favor on that issue. It is immaterial to him that the finding was based on the negligent operation of the car and not on the absence of a legal registration. But we cannot say the same as to the first request, which we construe as applying to all the issues raised by the pleadings, including that of damages. The degree of culpability of the defendant well might be greater if she was wilfully driving as an outlaw on the highway, than it would be if she had scrupulously observed all the requirements of the law. See *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. It cannot be said that the judge would not have assessed the damages at a larger amount if he had taken into consideration the fact of the illegal registration. The exception to the giving of this request must be sustained.

The trial judge rightly refused to give the ruling requested by the plaintiff, that "The defendant was driving an illegally registered machine, she was therefore an outlaw on the public highway, and her act in running down and killing Mrs. Fairbanks constituted the maximum degree of culpability under St. 1907, c. 375." After the judge had determined the question of liability the issue of damages remained to be considered by him. The statute which gives the plaintiff her right of action expressly provides that the amount recoverable must be assessed with reference to the degree of culpability of the defendant, and within a fixed maximum and minimum. The blameworthiness of each wrongdoer must be judged by his conduct in the light of the attendant circumstances. The statute recognizes that there must be varying degrees of culpability in the different cases that may arise; and, within the fixed

limits, it provides for the appropriate amount of damages. There is no warrant for the construction contended for in the plaintiff's request, namely, that the maximum amount must be awarded in every case where the death is occasioned by an unregistered motor vehicle. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582.

In consequence of the ruling made on the first request of the defendant, the entry must be

*Exceptions sustained.*