GEORGE B. EVANS *vs.* ABBOTT B. RICE.
WILLIAM J. FOLEY, JR. *vs.* SAME.

Middlesex.    March 11, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Motor Vehicle,* Registration.    *Trespass.    Way,* Public: use of by unregistered
motor vehicle.

Where, at the trial of an action of tort, a material question is, whether a motor
vehicle of the defendant was properly registered under St. 1909, c. 534, and the
defendant testifies that previous to January 1 he had applied for new registra-
tion and had received the receipt authorized by § 11 of the statute, which was
with the vehicle, it cannot be ruled as a matter of law that the vehicle "was
not properly registered."

At the trial of an action against the owner of a motor car for damages resulting
from a collision with the car between half past twelve and one o'clock on the
morning of January 1, 1919, there was evidence tending to show that the de-
fendant had applied for registration of the car on the day previous and had
received the receipt in lieu of registration authorized by St. 1909, c. 534, § 11,
which was in the car at the time of the collision, but that no number plates for
the new registration had been delivered to him, so that none such were at-
tached to the car.  The plaintiff asked for a ruling that "The defendant could
not lawfully allow his automobile to be operated on the highway, on January 1,
1919, . . . unless it was then equipped with number plates furnished by the
Massachusetts highway commission for the year of 1919, and had said number
plates displayed at the front and rear end of said automobile."  The judge re-
fused so to rule.  *Held,* that, by reason of the provisions of St. 1909, c. 534, § 5,
the ruling should have been given.

TWO ACTIONS OF TORT, the first for damage to a motor car and
the second for personal injury to the driver resulting from a col-
lision between it and a motor car of the defendant.  Writs dated
September 3, 1919.

In the Superior Court, the actions were tried together before
*Irwin,* J.  Material evidence and requests by the plaintiffs for
rulings numbered one and five are described in the opinion.

In the charge to the jury the judge explained the necessity of
the defendant having in his car at the time of the accident the
receipt card showing that he had applied for registration for 1919
and had paid the requisite fee.  He gave no ruling nor instruc-
tion whatever relating to the absence of number plates for 1919

from the defendant's motor car. At the close of the charge, the counsel for the plaintiffs having called to the judge's attention that he had not granted the plaintiffs' first and fifth requests for rulings, the judge stated as to the first request: "At the time of the accident the defendant's automobile was not properly registered with the highway commission unless you believe the testimony of Mr. Rice." As to the fifth request by the plaintiffs the judge stated: "'The defendant could not lawfully allow his automobile to be operated on the highway on January 1, 1919, unless it was then duly registered,' and I think I have covered that phase of the question, 'for the year nineteen nineteen, with the Massachusetts highway commission and unless it was then equipped with number plates furnished by the Massachusetts highway commission for the year nineteen nineteen and had said number plates visible at the front and rear end of his automobile.' That is true unless he has brought himself within this provision that I have read to you, 'if for any reason the commission or its agents are unable to issue promptly to the applicant a certificate of registration or license applied for they may issue a receipt for fee or fees paid and said receipt shall be carried in lieu of his receipt or license.'" The plaintiffs' exceptions were saved to the refusal to grant their first and fifth requests. The jury found for the defendant; and the plaintiffs alleged exceptions.

*F. W. Campbell*, for the plaintiffs.

*A. G. Sleeper*, for the defendant, submitted a brief.

PIERCE, J. These are two actions of tort against the same defendant to recover damages for injury to the property of the plaintiff in the first case, and for injury to the person of the plaintiff in the second case.

The injury to person and property resulted from a collision of two automobiles on Beacon Street in the town of Brookline, Massachusetts, on the morning of January 1, 1919. One of the automobiles was owned by the plaintiff George B. Evans, and in the absence of Evans was then being driven by the plaintiff William J. Foley, Jr. The other automobile was owned by the defendant Abbott B. Rice, and was being operated by one Lawrence Rice, a son of the defendant, with the permission of the defendant.

The disputed testimony warranted a finding that the defendant applied for registration of his automobile on December 31, 1918, paid his registration fee and received a receipt therefor under the provisions of St. 1909, c. 534, § 11, and that this receipt was in the automobile at the time of the accident. St. 1909, c. 534, § 11, reads: "Every person operating an automobile shall have the certificate of registration for the vehicle and his license to operate upon his person or in the vehicle in some easily accessible place. . . . If for any reason the commission or its agents are unable to issue promptly to an applicant the certificate of registration or the license applied for they may issue a receipt for the fee or fees paid, and said receipt shall be carried in lieu of the certificate or license as the case may be, and for the period of thirty days from the date of its issue said receipt shall have the same force and effect given to the certificate or license by the provisions of this act."

It was admitted by the defendant that the car at the time of the accident did not have displayed conspicuously thereon its register number for the year 1919 on two number plates furnished by the commission. St. 1909, c. 534, § 9, provides: "No motor vehicle shall be operated after midnight on the thirty-first day of December in the year nineteen hundred and nine unless registered in accordance with the provisions of this act, nor unless such vehicle is equipped as provided in sections five, six and seven, except as is otherwise provided in section three." St. 1909, c. 534, § 5, provides *inter alia* that "Every automobile operated in or on any way in this Commonwealth shall have its register number displayed conspicuously thereon on the two number plates furnished by the commission, in accordance with the provisions of sections two, three and four, one number plate to be attached at the front and the other at the rear of said vehicle, so that the said number plates and the register number thereon shall be always plainly visible." St. 1909, c. 534, § 2, provides that the registration for every motor vehicle "shall expire at midnight upon the thirty-first day of December in each year."

It is settled that the operation of an unregistered automobile on the highway of this Commonwealth is unlawful, creates a nuisance thereon and makes the driver and assenting owner liable for all the direct injury resulting from such act, although such

injury was not the result of an act of negligence.  *Dudley* v. *Northampton Street Railway,* 202 Mass. 443.  *Gould* v. *Elder,* 219 Mass. 396.  *Fairbanks* v. *Kemp,* 226 Mass. 75.  *Koonovsky* v. *Quellette,* 226 Mass. 474.  The only question presented by the exceptions is whether after December 31, 1918, the defendant could lawfully operate his motor vehicle without number plates until he received such plates, if the vehicle was in fact registered for the year 1919 and he carried a receipt in lieu of the certificate of registration.

We think the reason for inhibiting the use of an unregistered car is not greater than obtains in the prohibition of the same statute against the operation of a motor vehicle without "displaying conspicuously" its register number on the two plates furnished by the commission.  The statute makes no distinction in its injunction, which has presumably the purpose of affording to travellers on the highway the means to ascertain easily the name and address of the owner of a motor vehicle that occasions injury to them.  *Fairbanks* v. *Kemp, supra.*

At the close of the evidence the plaintiffs requested the following instructions:

1. "At the time of the accident the defendant's automobile was not properly registered with the Massachusetts highway commission."

2. "The defendant could not lawfully allow his automobile to be operated on the highway, on January 1, 1919, unless it was then duly registered for the year of 1919 with the Massachusetts highway commission, and unless it was then equipped with number plates furnished by the Massachusetts highway commission for the year of 1919, and had said number plates displayed at the front and rear end of said automobile."

The court refused to give these requests, and the plaintiffs duly excepted.  Upon the disputed testimony the first request as a matter of law could not have been given.  The second request should have been given in so far as it related to the equipment of the motor vehicle with number plates.

*Exceptions sustained.*