JOHN McDONALD *vs.* WALTER J. DUNDON.

SAME *vs.* THOMAS R. RAWSON.

Suffolk.  March 15, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Motor Vehicle*, Registration.  *Nuisance.  Trespass.  Proximate Cause.*

The only use which a dealer in motor vehicles lawfully may make of number plates issued to him with a registration under G. L. c. 90, § 6, is to attach them to motor vehicles which he owns or controls, and if they are the only number plates attached to a motor vehicle owned, operated and under the sole and exclusive control of another person upon a highway, such vehicle while so operated is a nuisance on the highway and the person operating it is a trespasser there and is liable for personal injuries caused to a traveller upon the highway with whom the vehicle collides.

If one, who is registered as a dealer in motor vehicles under G. L. c. 90, § 6, lends a number plate issued to him as such registrant, at the request of the owner of an unregistered motor vehicle of which the dealer has no control, for use upon such vehicle while it is being operated upon the highway under the sole and exclusive control of the owner, he may be found intentionally to have assisted and participated in the creation of a nuisance upon the highway and, in an action against him by one who received personal injuries while lawfully travelling on the highway in a collision with the unregistered motor vehicle, a verdict against him is warranted without proof that the person operating the vehicle was negligent.

Two ACTIONS OF TORT by the same plaintiff for personal injuries received in a collision between a team which he was driving and an automobile owned and operated by the defendant in the first action.  Writs dated November 15, 1919.

In the Superior Court, the actions were tried together before *Sanderson,* J.  Material evidence is described in the opinion.  At the close of the evidence, the judge ruled that there was no evidence sufficient to justify a verdict against the defendant Rawson, but submitted to the jury the questions of liability and damages in the action against Dundon, and it was agreed by all parties that, if exceptions in this action should be sustained, judgment should be entered in the action against Rawson in the same amount, if any, as the verdict which the jury should return in the action against Dundon.  The jury thereupon returned a verdict for the defendant Rawson by order of the judge and a verdict for the plaintiff

in the sum of $6,000 in the action against Dundon; and the defendant in the first action and the plaintiff in the second alleged exceptions.

St. 1909, c. 534, § 4, as amended by St. 1914, c. 420, and by St. 1915, c. 16, § 2, under which the defendant Rawson was registered, read as follows:

"Every manufacturer of or dealer in motor vehicles may make application, by mail or otherwise, upon a blank provided by the commission for a general distinguishing number or mark, instead of registering each motor vehicle owned or controlled by him, and with such application shall be deposited the proper registration fee, as provided in section twenty-nine; and the commission may grant the application, if satisfied of the facts stated in the application, and issue to the applicant a certificate of registration containing the name, business address of the applicant and the general distinguishing number or mark assigned to him, and made in such form and containing such further information as the commission may determine; and all motor vehicles owned or controlled by such manufacturer or dealer shall be regarded as registered under such general distinguishing number or mark until sold or let for hire or loaned for a period of more than five successive days. The commission shall furnish at its office without charge to every manufacturer of or dealer in automobiles whose vehicles are registered in accordance with the provisions of this section five pairs of automobile number plates of suitable design, the plates to have displayed upon them the register number which is assigned to the motor vehicles of such manufacturer or dealer, with a different letter or letters or mark on each pair of number plates. . . ."

*J. F. O'Connell, J. E. O'Connell & E. B. Rowe,* for the defendants, submitted a brief.

*F. L. Norton,* for the plaintiff.

CROSBY, J. These are two actions of tort brought by the same plaintiff, to recover for personal injuries received by him by reason of a collision between a team which he was driving and an automobile owned and operated by the defendant Dundon. The cases were tried together; in the first, the jury found for the plaintiff; in the second a verdict was directed in favor of the defendant. It was agreed that if a verdict was erroneously ordered for the defendant Rawson, judgment should be entered for the plaintiff

for such amount, if any, as the jury should find in the case against Dundon.

It is not contended that Rawson was not a duly licensed dealer under St. 1909, c. 534, § 4, as amended by St. 1915, c. 16, § 2. See St. 1920, c. 262, § 1. Five number plates were issued to him each bearing the number 01076 and in addition one of the letters A, B, C, D, or E.

The accident occurred near the intersection of Glendon and Condor streets in East Boston. The evidence shows that Dundon bought the automobile about four months before the accident; it was a second-hand machine; he put it in Rawson's garage where the latter and his employees and Dundon worked on it in the endeavor to put it in good running order; and at times when testing it, with Rawson's consent would attach to it number plates issued to Rawson as a dealer. It never was registered in the name of Dundon. After the work above referred to was completed, "engine trouble" required taking the car to Cambridge for further repairs; before starting Dundon was permitted by Rawson to attach the latter's number plates to the car, and on arriving in Cambridge he removed them and later returned them to Rawson. When the repairs had been completed Dundon requested the use of the number plates to bring the car back to the garage, and Rawson for that purpose gave him one of the five sets numbered 01076–C. Dundon put the plates on his car and at the time of the accident was driving it from Cambridge to Rawson's garage.

In the case against Dundon there was evidence that at the time of the accident the plaintiff was in the exercise of due care and that the defendant was negligent. The only exception is to that portion of the charge of the presiding judge in which he ruled that as matter of law the automobile was not legally registered. We are of opinion that the ruling was correct. The machine was neither owned nor controlled by Rawson at the time of the accident; it was in the possession and the control of Dundon as owner, but it was not registered in his name. The license issued to Rawson and the number plates loaned by him and attached to the car offered no protection to Dundon; the plates could not lawfully be loaned; the only use which Rawson as a dealer was permitted to make of them was to attach them to cars which he owned or controlled. It is obvious that at the time of the accident

the car was not only owned and operated by Dundon but was under his sole and exclusive control. It follows that it was not legally registered and was a nuisance upon the highway and Dundon in operating it was a trespasser. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Gould* v. *Elder*, 219 Mass. 396. *Fairbanks* v. *Kemp*, 226 Mass. 75. *Koonovsky* v. *Quellette*, 226 Mass. 474. *Evans* v. *Rice*, 238 Mass. 318. *Pierce* v. *Hutchinson*, 241 Mass. 557.

If it be assumed that there was evidence that before the trip to Cambridge the automobile was under the control of Rawson, for the purpose of repair and sale, there was no evidence which would have warranted a finding that such control existed at the time of the accident. It follows that the exceptions of the defendant Dundon must be overruled.

The question remains whether the trial judge erred in directing a verdict for the defendant in the case against Rawson.

As the act of operating an unregistered automobile upon a highway results in the creation and maintenance of a nuisance thereon, the question for decision is: Are the consequences of such unlawful act confined to the operator or may they extend to others?

It is a general rule that all persons who contribute to or participate in the creation of a nuisance are liable for all injurious consequences proximately resulting therefrom to individuals. It is not necessary, where a person is charged with criminal liability for a nuisance, to show that he committed the particular act that creates the nuisance; it is sufficient if he contributed thereto. Accordingly it has been held by this court that the owner of a building leased to another for the purpose of illegal keeping and sale of liquors is criminally liable, although he did not intend to make any sale himself. *Commonwealth* v. *Reed*, 162 Mass. 215. *Commonwealth* v. *Hayes*, 167 Mass. 176.

The defendant Rawson admitted that Dundon requested the use of the number plates to attach to the car to bring it from Cambridge to Boston and that he loaned them for that purpose. He knew, or at least is presumed to know, that the operation of the machine upon the highway with his number plates upon it was illegal and would create a nuisance. He must have contemplated the natural and probable result of his act in lending the plates and the operation of the car thereafter by Dundon. The jury could

have found that Rawson's act contributed to the creation of a nuisance in violation of the rights of travellers upon the highway, that if injury was caused to any person lawfully travelling upon the way by reason of the operation of the automobile that those who were responsible for its presence there would be held liable, that he intentionally assisted and participated in the creation of the nuisance and is liable for any injurious consequences resulting therefrom.

In these circumstances it is not necessary to prove that Dundon acted as his agent or was negligent. The defendant is presumed to know that the car could not have been lawfully operated without number plates. The fact that he furnished them to Dundon is affirmative evidence that he knew they were required. If he had not furnished them it may fairly be assumed that Dundon would not have attempted to operate the car. From his act in lending them, it could have been found that he furnished means and facilities for the unlawful operation of the car and thereby aided and abetted in the creation of the nuisance; on such a finding he would be liable for the direct injury resulting therefrom. *Gould* v. *Elder, supra. Fairbanks* v. *Kemp, supra. Evans* v. *Rice, supra.* Wood, Nuisances (3d ed.) § 31. *West Muncie Strawboard Co.* v. *Slack,* 164 Ind. 21. *Leame* v. *Bray,* 3 East, 593. *Comminge & Geisler* v. *Stevenson,* 76 Texas, 642. *Cohen* v. *Mayor & Aldermen of New York,* 113 N. Y. 532.

In *Gould* v. *Elder, supra,* it was held that, where an automobile without lawful registration was operated upon the highway by the owner's son with the permission of his father, the latter was liable for injuries caused to a traveller who was struck by it, whether the operator was using it as agent of his father or on business or pleasure of his own.

In the case against Dundon the exceptions must be overruled; in the case against Rawson the exceptions are sustained, and in accordance with the agreement recited in the record, judgment is to be entered for the plaintiff in the sum of $6,000.

*So ordered.*