GENNARO DI FRANCO, administrator, *vs.* WEST BOSTON GAS COMPANY.

Middlesex.    November 11, 16, 1927. — February 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Causing death, Motor vehicle, In use of way, Violation of statute. *Motor Vehicle*, Registration, Operation. *Way*, Public. *Evidence*, Matter of conjecture. *Trespass*.

The registration of an automobile under an erroneous engine number is illegal and such automobile is a trespasser upon the highway.

The operation of an illegally registered automobile upon the highway is evidence of negligence within the meaning of G. L. c. 229, § 5; St. 1922, c. 439.

It *was stated* that the operation of an illegally registered automobile by its owner upon the highway made him a wrongdoer liable, independently of negligence, for all direct injury resulting from such use of his automobile, even though the injury could not have been contemplated as a result of the act done.

At the trial of an action of tort by an administrator for the death of his

intestate, a child, caused by the intestate's being struck by a motor truck, evidence, that a witness worked on a certain street, admitted by the defendant to be a public street, opposite where the intestate was killed, and that he found "skid marks" which ran from the street to the fence of the house of the intestate's parents, as well as a "blood spot" about five feet from one end of the marks, warranted a finding that the accident happened on that street.

TORT by an administrator for the causing of the death of his intestate, who was struck by a motor truck of the defendant. Writ dated December 17, 1924.

In the Superior Court, the action was tried before *Walsh*, J., who, at the close of the plaintiff's evidence, ordered a verdict for the defendant, to which the plaintiff duly excepted. Material evidence and rulings by the trial judge are set forth in the opinion.

The case was argued at the bar in November, 1927, before *Braley, Crosby, Carroll, Wait, & Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices.

*J. J. O'Connor*, for the plaintiff.

*K. C. Parker*, for the defendant.

CARROLL, J. According to the record, this action of tort is for the death and conscious suffering of Antonio Di Franco, a child eight years and six months old. At the conclusion of the evidence a verdict for the defendant was directed.

The bill of exceptions recites that the death of the intestate was the result "of being in contact with an auto truck owned and controlled by the defendant and driven at the time of the accident by its servant one Carr acting within the scope of his employment." The accident happened on July 23, 1924. It was admitted that Waverly Street in Framingham is a public street; and that the registration number of the automobile truck involved in the accident was 12855. There was evidence that the engine number of this truck was 4592822; that it was registered under the number 263313, and a letter from the defendant to the registry of motor vehicles dated July 24, 1924, acknowledging there was an error in the engine number and asking that the error be corrected was introduced. In directing the verdict for the defendant, the trial judge stated to the jury: "I am ruling as a matter of law that the vehicle of the defendant company was improperly

registered, and I am further ruling as a matter of law that notwithstanding that the vehicle . . . was an improperly registered vehicle, the plaintiff has not proven upon all the evidence . . . that the defendant company through the operator of this vehicle was negligent aside from the fact that the vehicle was improperly registered. To this ruling and my direction of a verdict for the defendant, the plaintiff's exceptions may be noted."

The defendant's automobile was registered under an erroneous engine number; its registration therefore was illegal and it was a trespasser upon the highway. *Staley* v. *Wilbur,* 258 Mass. 481. *Wallace* v. *New Bedford & Onset Street Railway,* 259 Mass. 20. As its presence on the highway was in itself unlawful, the defendant was a wrongdoer and liable for all direct injury resulting from its use, even though the injury to the intestate could not have been contemplated as the result of the act done. *Koonovsky* v. *Quellette,* 226 Mass. 474. In *Fairbanks* v. *Kemp,* 226 Mass. 75, it was held that an instruction to the effect that the improper registration of the automobile is no evidence of negligence was error.

Although the bill of exceptions states that a recovery is sought for conscious suffering and death, there was no evidence to show that the deceased consciously suffered, and the declaration contained but one count, which was to recover under the death statute. This statute, G. L. c. 229, § 5; St. 1922, c. 439, imposes a liability upon one who by his negligence causes the death of another. Within the meaning of this statute, the operation of an automobile illegally registered upon the highway was in itself a negligent act for which the plaintiff could recover. It has been held that the use of such an illegal vehicle is a wrong which gives the injured person a remedy independently of negligence. *Evans* v. *Rice,* 238 Mass. 318, 320. *Pierce* v. *Hutchinson,* 241 Mass. 557, 564. But the death of a person upon a highway by an outlaw automobile is caused by negligence, under the statute; and the use of such a vehicle upon the public ways makes the owner liable for his conduct and guilty of negligence within the terms of the statute. The violation of the statute was

itself evidence of negligence. See *Walters* v. *Davis,* 237 Mass. 206; *Pawloski* v. *Hess,* 253 Mass. 478.

The defendant contends that the illegal registration was not pleaded. The evidence of illegality was not objected to and the ruling of the judge was based on this evidence; it does not appear that the question of pleading was raised at the trial.

A further contention of the defendant is that there was no evidence that the accident occurred on Waverly Street, or upon a public highway. While the record is very brief we cannot say there was no evidence on this point. One witness testified that he worked on Waverly Street "right opposite where this little boy was killed"; that he found "skid marks" which ran from the street to the fence of the Di Franco house, as well as "a blood spot" about five feet from "the westerly end of the marks." We think this was some evidence to show that the accident happened on Waverly Street. The place of the accident was not in controversy; the sole question upon which the ruling of the judge was based was that there was no evidence of negligence. As there was error in this ruling, the order is to be

*Exceptions sustained.*