CHARLES A. MacDONALD vs. BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.   December 9, 1927.— February 29, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT,
& SANDERSON, JJ.

*Pleading, Civil,* Answer. *Evidence,* Relevancy and materiality. *Negligence,* Violation of statute. *Motor Vehicle,* Registration.

If the answer in an action of tort against a street railway company for
damages resulting from a collision between a street car of the defendant
and an automobile driven by the plaintiff contains an allegation of
contributory negligence on the part of the plaintiff, it is permissible for
the defendant to show that the plaintiff's automobile was not legally
registered, such violation of the statutes requiring proper registration
being evidence of negligence and preventing recovery if it has causal
connection with the plaintiff's damage.

TORT, with a declaration described in the opinion.   Writ
dated September 4, 1924.

In the Superior Court, the action was tried before *Hammond,* J.   Material evidence and exceptions saved by the
defendant are stated in the opinion.   There was a verdict
for the plaintiff in the sum of $700.   The defendant alleged
exceptions.

The case was argued at the bar in December, 1927, before
*Rugg,* C.J., *Braley, Crosby, Carroll,* & *Sanderson,* JJ., and
afterwards was submitted on briefs to all the Justices.

*C. S. Walkup, Jr.,* (*J. B. Sly* with him,) for the defendant.
*G. S. Ryan,* for the plaintiff.

CROSBY, J.   The declaration in two counts alleges, in substance, that the defendant's servants or agents so negligently operated a street car on a highway in Medford as to
cause a collision between the car and a motor vehicle driven
by the plaintiff, thereby damaging the motor vehicle and
injuring the plaintiff's wife, and that he was put to expense
for medical attendance, medicine and the loss of her services.
The defendant's answer consisted of a general denial and an
allegation of contributory negligence.

The plaintiff, in cross-examination, was asked several questions relating to the registration of the automobile, and also with reference to the number plates thereon at the time of the accident.  Upon objection by the plaintiff to this line of inquiry on the ground that it was not open under the pleadings, the trial judge sustained the objection, ruling "that unless that is set up as an affirmative defence by the defendant that evidence can not be received on that matter." This ruling was made subject to the defendant's exception. In sustaining the objection, the trial judge said, "I am not ruling on any question as to the amendment of the answer. I am only ruling under the pleadings as they are it is not open to the defendant to offer evidence that the car was not properly registered."  At the close of the testimony of the plaintiff, the defendant without amending its answer offered to prove in substance that the automobile never had been registered by the plaintiff either in this Commonwealth or in New Hampshire; that it had been driven by him under number plates issued to one John S. Murray.  The plaintiff had already testified that he had given the automobile to the Murray Motor Car Company for sale.  The judge excluded the evidence on the ground that it was inadmissible under the pleadings, and the defendant excepted.

To operate an unregistered automobile upon a highway is unlawful.  It is well settled that violation of a criminal statute is evidence of negligence.  *Creedon* v. *Galvin*, 226 Mass. 140.  *Davicki* v. *Flanagan*, 250 Mass. 379, 381. *Pawloski* v. *Hess*, 253 Mass. 478, 480.

Undoubtedly it was the intention of the Legislature by the enactment of G. L. c. 90, §§ 9, 10, and by other sections of that statute, to render the operation of an unregistered or illegally registered motor vehicle upon a highway a wrongful act independently of negligence.  *Gould* v. *Elder*, 219 Mass. 396. . *Evans* v. *Rice*, 238 Mass. 318.  *Pierce* v. *Hutchinson*, 241 Mass. 557, 564.  *McDonald* v. *Dundon*, 242 Mass. 229, 233.  Such wrongful act in and of itself is a violation of the statute and is evidence of negligence as matter of law. *Fairbanks* v. *Kemp*, 226 Mass. 75.  *Koonovsky* v. *Quellette*, 226 Mass. 474.  *DiFranco* v. *West Boston Gas Co., ante.*

Such a vehicle on a highway is held to be a nuisance and an outlaw. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Holden* v. *McGillicuddy*, 215 Mass. 563.

It was said by Knowlton, C.J., in *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, at page 158, "Under the decisions, the operation of the unregistered automobile is deemed to be unlawful in every feature and aspect of it. Everything in the conduct of the operator that enters into the propulsion of the vehicle is under the ban of the law." In that case the unregistered automobile was operated by one of the plaintiffs. If such violation of the statute, being evidence of negligence, had any causal connection with the collision the plaintiff cannot recover. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596.

In the case at bar the answer was a general denial, and an allegation of contributory negligence on the part of the plaintiff. We are of opinion that it was permissible for the defendant to offer evidence to show that the plaintiff's automobile was not legally registered, under that part of its answer setting up the contributory negligence of the plaintiff. It is not necessary to consider what further defences would have been open if the defendant had set up in its answer that the automobile driven by the plaintiff was unregistered.

*Exceptions sustained.*