JOSEPH L. GEARY *vs.* THE TRAVELERS INSURANCE COMPANY & another.

Suffolk.    April 7, 8, 1938. — May 25, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Motor Vehicle*, Registration.

An automobile operated on a public way after midnight on December 31, 1933, was not "duly registered" under G. L. (Ter. Ed.) c. 90, § 2, by a registration procured for the year beginning January 1, 1933, notwithstanding the provisions of § 9 as to use of number plates; and was not covered by a compulsory motor vehicle liability insurance policy issued to the owner "in connection with such registration."

BILL IN EQUITY, filed in the Superior Court on April 12, 1937.

The suit was heard by *Donnelly*, J.

*T. B. Shea*, for the plaintiff.

*C. C. Peterson*, for the defendants.

Cox, J.    This is a bill in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), and G. L. (Ter. Ed.) c. 175, §§ 112, 113, by a judgment creditor of the defendant Bunnell to reach and apply the alleged obligation of the defendant The Travelers Insurance Company, hereinafter called the insurer, under a motor vehicle liability policy (G. L. [Ter. Ed.] c. 90, § 34A) issued to Constance W. Bunnell, the wife of the defendant Bunnell. The case was heard by a judge of the Superior Court, upon a statement of facts agreed to by the plaintiff and the insurer. The plaintiff appealed from a final decree dismissing the bill.

From the statement of agreed facts, which contains all facts material to the issue before this court, it appears that said Constance W. Bunnell duly registered an automobile with the registry of motor vehicles of the Commonwealth for the year beginning January 1, 1933, "for such period as the registration legally ran under the Statute." The insurer issued a policy of insurance to her "in connection with such registration," and also duly issued the certificate required by G. L. (Ter. Ed.) c. 90, which was filed with her application with the registry of motor vehicles. Item 2 of the policy is as follows: "Policy Period: From 12.01 A.M. January 1, 1933, to 12.01 A.M. January 1, 1934, Standard Time as to each of said dates." The policy had not been cancelled at any time prior to 12:01 A.M. January 1, 1934. Mrs. Bunnell did not register the automobile in question for the "statutory" year beginning January 1, 1934. On January 1, 1934, at about 3:40 o'clock in the morning, the defendant Bunnell, while operating this automobile with the express permission of his wife, struck and injured the plaintiff on a public way in Boston. At the time of the injury, the registration plates which had been issued by the registrar of motor vehicles for the year 1933 were attached to the automobile, one at its front and the other at its rear. In May, 1936, the plaintiff recovered judgment against the defendant Bunnell on account of the injuries sustained. No part of the judgment has been paid and more than thirty days had elapsed between the recovery of judgment and the bringing of this bill. The only issue is whether the insurer's liability under the policy ended at 12:01 o'clock in the morning on January 1, 1934. It is the plaintiff's contention that as a matter of law the registration period for the automobile in question continued until noon of January 1, 1934.

Registration of automobiles was first required in this Commonwealth in 1903. St. 1903, c. 473. The only restriction at that time upon the registration period was a provision that the registration should expire when the vehicle was sold. St. 1907, c. 580, § 1, amended the then existing law so as to require the annual registration of motor vehicles,

with some exceptions not here material, and by adding the provision that "The registration of every automobile or motor cycle shall expire upon the first day of January in each year." In 1909 a comprehensive statute was passed entitled "An Act relative to motor vehicles and to the operation thereof." St. 1909, c. 534. See *Commonwealth* v. *Newhall*, 205 Mass. 344, 347. By it, earlier laws relating to motor vehicles were repealed. Section 2 provided, among other things, that "The registration of every motor vehicle shall expire at midnight upon the thirty-first day of December in each year"; and § 9 provided that "No motor vehicle shall be operated after midnight on the thirty-first day of December in the year nineteen hundred and nine unless registered in accordance with the provisions of this act, nor unless such vehicle is equipped as provided in sections five, six and seven, except as is otherwise provided in section three." Section 6 related to motor cycles; § 7 contained provisions as to brakes, lights, horns and other equipment; and § 3 related to the operation of automobiles belonging to nonresidents. Section 5 provided, among other things, that "Every automobile operated in or on any way in this Commonwealth shall have its register number displayed conspicuously thereon on the two number plates furnished by the commission, in accordance with the provisions of sections two, three and four, one number plate to be attached at the front and the other at the rear of said vehicle, so that the said number plates and the register number thereon shall be always plainly visible." In this state of the law the case of *Evans* v. *Rice*, 238 Mass. 318, was decided on April 7, 1921. The only question presented in that case was whether after December 31, 1918, the defendant could lawfully operate his motor vehicle without number plates until he received such plates, if the vehicle was in fact registered for the year 1919 and if he carried a receipt in lieu of the certificate of registration. It was admitted that the defendant's automobile, at the time of the accident, which was the subject matter of the action and which was the result of a collision in the morning of January 1, 1919, between the defendant's automobile and that of the plaintiff,

did not have displayed thereon its register number for the year 1919 on two number plates furnished by the commission. It was held that so much of a requested ruling should have been given as stated that the defendant could not lawfully allow his automobile to be operated on the highway on January 1, 1919, unless it was then equipped with number plates furnished by the Massachusetts highway commission for the year of 1919 and had said number plates displayed at the front and rear end of his automobile. The question also arose whether the defendant's automobile was properly registered for the year 1919. Upon conflicting evidence it could have been found that he applied for registration of his automobile on December 31, 1918, paid his registration fee and received a receipt therefor which was in his automobile at the time of the accident, as required, under the circumstances, by St. 1909, c. 534, § 11. This court held that a requested ruling was properly refused that "At the time of the accident the defendant's automobile was not properly registered with the Massachusetts highway commission."

St. 1903, c. 473, § 3, contained a provision, among others, that no automobile or motor cycle should, after September 1, 1903, be operated upon any public highway unless registered as therein provided, and required that the registered number should at all times plainly be displayed. This requirement of registration as a condition of operation as appearing in St. 1909, c. 534, § 9, has been quoted hereinbefore. G. L. c. 90, § 9, which was in effect when the *Evans* case was decided, provided that "No person shall operate any motor vehicle . . . and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way, unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six . . . ." The year following the decision in *Evans* v. *Rice*, § 9 of G. L. c. 90 was amended by St. 1922, c. 303, § 3, so as to read: "No person shall operate any motor vehicle . . . and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any

way, unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six . . . *except that any motor vehicle . . . may be operated or remain upon any way between the hours of twelve o'clock noon on December thirty-first of one year and twelve o'clock noon on January first of the following year if it carries its register number of either year displayed as provided in section six . . . .*" The words in italics, which are ours, constitute the amendment made by St. 1922, c. 303, § 3. St. 1928, c. 381, entitled "An Act revising and perfecting certain provisions of law relative to compulsory automobile liability insurance," among other things, further amended G. L. c. 90, § 9, as already amended, by striking out § 9 and inserting in its place the following: "No person shall operate any motor vehicle . . . and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way . . . unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six . . . except that any motor vehicle . . . may, *if duly registered*, be operated or remain upon any way between the hours of twelve o'clock noon on December thirty-first of one year and twelve o'clock noon on January first of the following year if it carries its register number of either year displayed as provided in section six . . . ." The italics are ours. The words "if duly registered" constitute the only material change in the section so far as the issue involved in the case at bar is concerned; and there has been no change in this section since 1928 in so far as that issue is concerned. See G. L. (Ter. Ed.) c. 90, § 9.

The plaintiff contends that a proper construction of G. L. (Ter. Ed.) c. 90, § 9, requires the conclusion that, although the Bunnell automobile was not registered for the year 1934, its registration period did not expire at midnight on December 31, 1933, but continued until noon of January 1, 1934, notwithstanding the provision contained in § 2 of c. 90 that "The registration of every motor vehicle and trailer registered under this section shall expire at midnight on December thirty-first of each year."

No question is raised as to the coverage of the policy issued if this is the correct construction, even though the policy period was therein stated to be "From 12:01 A.M. January 1, 1933, to 12:01 A.M. January 1, 1934." See *Caccavo* v. *Kearney*, 286 Mass. 480; *Taxeira* v. *Arter*, 292 Mass. 537; G. L. (Ter. Ed.) c. 90, § 34A.

The rules which are applied in the construction of statutes are so well settled that reference to a few cases is all that is required. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523. *Moloney* v. *Selectmen of Milford*, 253 Mass. 400. *Libby* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 522. *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437. *Dexter* v. *Dexter*, 283 Mass. 327. *Hanlon* v. *Rollins*, 286 Mass. 444. *Rosenberg* v. *Robbins*, 289 Mass. 402.

It long has been the law that the operation of an unregistered automobile on the highways of this Commonwealth is unlawful and creates a nuisance. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Capano* v. *Melchionno*, 297 Mass. 1. Since 1909 it has been the manifest intent of the Legislature that the registration of every motor vehicle shall expire at midnight on December 31 of each year. This intent has been clearly and unqualifiedly expressed. See now G. L. (Ter. Ed.) c. 90, § 2. It is significant that, when St. 1922, c. 303, was enacted, entitled "An Act relative to the use of number plates on motor vehicles between twelve o'clock noon on December thirty-first and twelve o'clock noon on January first following," although the provision of § 2 of G. L. c. 90, to the effect that the number plates furnished by the registrar shall be valid only for the year for which they are issued, was amended by inserting "except as provided by section nine," no change was made in the provision of § 2 that the registration of every motor vehicle shall expire at midnight on December 31 in each year. If it is thought that the decision in *Evans* v. *Rice* is what prompted the amendment of 1922, there was nothing in that decision that called for any change in the law relative to registration as being a prerequisite to the right to operate. In that case the court

had said that it could not be ruled as a matter of law that the defendant's automobile was not registered. The point decided was that the defendant's automobile could not be operated lawfully, under the circumstances, after December 31, 1918, without there being attached to it the register number plates for the year 1919. There is no difficulty in construing the provision of § 2, to the effect that the registration of every motor vehicle shall expire at midnight on December 31 in each year, as being in harmony with the quoted provisions of § 9. From 1909 until 1922 the law prohibited the operation of a motor vehicle upon the highways unless registered properly, and the amendment of 1922 made no change in this respect. We think that the addition of the words "if duly registered" by the amendment of 1928, was by way of added precaution, so that under no circumstances could it be contended successfully that there was any intention to permit an automobile to be operated or to be upon the highways between midnight of December 31 of one year and noon of the following day if it was not registered for the next year. The words "if duly registered" can mean only if registered in accordance with the motor vehicle law, which contains the plain provision that every registration shall expire at midnight on December 31 of each year. Furthermore, we think the language of § 9, wherein permission to operate an automobile until noon on January first is given, "if it carries its register number of either year displayed . . . ," conveys the strong implication that register numbers must have been issued for each year.

*Decree affirmed with costs.*