No. 3024 Northern Middlesex, ss.
SUPERIOR MOTORS TRANSPORTATION CO.
 (Samuel H. Green)
v. BAIER (William J. Conboy)
From the Third District Court of Eastern Middlesex—Weston, J.
Argued December 1, 1941.—Filed December 29, 1941

JONES, P.J. (Pettingell, & Wilson, JJ.)—This is an action of tort to recover damages to a motor vehicle as a result of a collision.

The case is reported under G. L. (Ter. Ed.) c. 231, sec. 108, on the ground that there are findings of fact as also a question of law involved, under the stipulation,—if the judge is right in his ruling that the motor vehicle of the plaintiff was improperly registered judgment is to be entered for the defendant; but, if in error, this finding should be for the plaintiff in the sum of $368.30.

The facts are not in dispute and thereby it appears that January 6, 1941 a truck owned by said corporation was in North Attleboro, Massachusetts, going South toward Providence, Rhode Island when it collided with the defendant's truck first above mentioned.

The plaintiff is a Massachusetts corporation with its usual place of business and principal office in Cambridge, Massachusetts; it had a branch office in Providence, Rhode Island. Papers on file in Providence show that plaintiff is a Massachu-

setts corporation with a place of business in Rhode Island where plaintiff's truck was garaged. The truck was used mostly in Rhode Island, but came into Massachusetts on an average of twice a week. It was registered in Rhode Island, but not in Massachusetts. At the time of the alleged accident it had both Rhode Island and Massachusetts common carrier plates. The plaintiff's truck, however, had no Massachusetts registration plates. Upon these facts the trial judge found for the defendant assigning as the reason that the plaintiff was a Massachusetts corporation and the truck should have been registered in Massachusetts.

So far as we can discover no such case as this has been before the Supreme Judicial Court. This case was argued both orally and upon brief by the plaintiff and the defendant did not appear.

It must be conceded that faulty registration of a car that should be registered in Massachusetts renders a vehicle under such condition a trespasser on the highway and under this rule such an unregistered vehicle is a "nuisance" on the highway without regard to the question of negligence. *Geary* v. *Travellers Ins. Co.*, 300 Mass. 314; *Bellinger* v. *Moynihan*, 282 Mass. 523; *Peabody* v. *Campbell*, 286 Mass. 295.

G. L. (Ter. Ed.) c. 90, sec. 2 provides how application may be made for the registration of a vehicle of the description of the one owned by the plaintiff in this case. This statute applies to vehicles owned by residents of Massachusetts and operated on the highways in Massachusetts; and if not so registered such a vehicle is an outlaw upon our highway. *Opinion of Justices*, 250 Mass. 591, 600; *Fine* v. *Kahn*, 270 Mass. 557; *Fairbanks* v. *Kemp.* 226 Mass. 75.

It is unnecessary to cite any authority for a statement that the statute quoted above must apply to a motor vehicle of a resident of Massachusetts. And this is plainly apparent when we note that sec. 30 of c. 90 of G. L. (Ter. Ed.) is applicable only to non-resident owners of a "motor vehicle or trailer" and provides how long they may be operated, that is, for thirty days only, unless registered in Massachusetts.

And this last mentioned statute applies to and regulates only cars of non-residents. So plaintiff, being a resident of Massachusetts, and not having complied with the law of its residence on the day of the accident, as provided by c. 90, sec. 2, aforesaid, was operating without registration in Massachusetts. Plaintiff is not given exemption from Massachusetts registration under the right afforded a foreign corporation to operate within Massachusetts thirty days, as a non-resident, because the plaintiff is not a non-resident, but is a Massachusetts resident. And the violation of this section of the law s. 2, c. 90 is a bar to recovery by the plaintiff in this case, no reckless or wanton conduct by the defendant having been shown. *Ricker* v. *Boston Elevated Ry. Co.*, 290 Mass. 111.

As evidence that the law is as above stated, attention is

called to the Act of 1941, c. 282, approved May 19, 1941, which is as follows:

"A corporation organized under the laws of this Common-wealth, or a person resident therein, having a place of business in another state or a foreign county shall, with respect to the operation upon the ways of this commonwealth of a commercial motor vehicle, trailer or semi-trailer which is used in connection with such place of business, is customarily garaged in such other state or foreign county and is registered therein, have the rights and privileges and be subject to the obligations imposed by this section."

In accordance with the terms of the reservation by the presiding justice, judgment is to be entered for the defendant.