Tucker, Richard T., J.
This case arises out of injuries sustained by Robert Bartholomew (Bartholomew), as an operator of a motorcycle, in an accident occurring on July 24, 2007. While traveling westbound on Route 9 in Worcester, Massachusetts, the front wheel of the motorcycle operated by Bartholomew suddenly, and without warning, went into a large pothole or sinkhole located in the travel lane of Route 9 causing the motorcycle to flip over causing Bartholomew to be thrown to the pavement. It is alleged that plaintiff sustained severe injuries and/or disability in this accident.
*376 Plaintiff Bartholomew has sued Charter Communications, Inc. (Charter) alleging that the subject sinkhole was located at or about, or adjacent to, a location where Charter had installed a conduit bank and manhole in May of 2002. Plaintiff has brought suit against Charter alleging negligence in creating the sinkhole and/or for failing to maintain the road adjacent to their construction area. Specifically Bartholomew pleads that Charter was “negligent in the creation and maintenance of the area of the street at issue and was further negligent in failing to warn of or properly barricade the dangerous and defective condition.”
To this complaint, Charter raises a lack of notice under G.L.c. 84, §§15, 18 governing suits for injuries sustained due to defects in public ways.
APPLICABLE STANDARD
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
Charter asserts that no material facts are in dispute and that it is entitled to judgment as a matter of law on plaintiffs claims. More specifically, Charter raises the provisions of G.L.c. 84, §15 which provides:
If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefore from such county, city, town or person.
For recovery by one injured “by reason of a defect or want of repair ... in or upon a way,” the injured party must provide notice in compliance with G.L.c. 84, §18 which provides:
A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within three years after the date of such injury or damage.
The notice required under G.L.c. §§15 and 18 “is not only a condition precedent to the bringing of an action but also ‘an essential ingredient indispensable to the existence of a cause of action.’ ” Paddock v. Brookline, 347 Mass. 230, 231-32 (1964); see, Murphy v. Boston and Maine Railroad, 323 Mass. 123, 123-24 (1954); King v. City of Boston, 300 Mass. 317, 380 (1938); Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394, 397 (1983). The term “person” under the statutes refers to natural persons, corporations and quasi corporations. Hurlburt v. Town of Great Barrington, 300 Mass. 524, 526 (1938).
It is undisputed that Bartholomew did not provide Charter the statutorily prescribed notice prior to filling suit. Bartholomew argues, however, that notice to Charter is not required as Charter is not a “person by law obliged to repair the same” or to “keep said way in repair.” G.L.c. 84, §§15, 18.
Charter, in an effort to establish that it is in fact required by law to keep the way in repair, raises Worcester City Ordinance, c. 12, §22 which states in pertinent part that:
(b) One who owns, possesses or controls any structure, [manhole], excavation or conduit in, under, over, or upon a public way, by such ownership, possession or control of the structure, excavation or conduit, shall be deemed to have entered into the following agreements with the City:
(3) to maintain the public way directly above or adjacent to said structure, excavation or conduit, as the case may be, in good repair and condition;
There is no dispute whether Bartholomew was injured as a result of a defect in a way. As such, the remedy for such a claim of personal injury is found under G.L.c. 84, §15 and G.L.c. 84, §18. Section 18 requires notice to be given of the defect and the injury so sustained to the municipality or governmental entity, or “person by law obliged to keep said way in *377 repair.” The central issue, therefore, is whether Charter is such a person that is obliged to keep the way in issue maintained and repaired and thus is entitled to notice under §18 as a condition precedent to any action brought against it. A “person,” for the purposes of G.L.c. 84, §§15, 18, may be a corporation or a quasi corporation. Wolf v. Boston Water & Sewer Com., 408 Mass. 490 (1990); Hurlburt v. Town of Great Barrington, 300 Mass. 524 (1937); Baird v. Massachusetts Bay Transp. Authority, 32 Mass.App.Ct. 495 (1992). I find that Charter, therefore, is a “person” under G.L.c. 84. Thus, the applicability of G.L.c. 84, §15, to the claim against Charter turns upon whether Charter was “by law obliged” to maintain and/or repair the way at or adjacent to the site of Charter’s prior construction work. I find, pursuant to Worcester City Ordinance c. 12, §22, that Charter was in fact required to maintain the public way directly above or adjacent to the conduit bank and manhole constructed in May of 2002.[1] It follows that Charter was entitled to receive notice of said claim under G.L.c. 84, §18 within thirty days of plaintiff s injury. Having not provided such notice, and such notice being a condition precedent to the maintenance of such an action, the claim must be dismissed as a matter of law. Farrell v. Boston Water & Sewer Commission, 24 Mass.App.Ct. 583, 588-89 (1987).
ORDER
For the above stated reasons Charter Communication, Inc.’s Motion for Summary Judgment Against Robert Bartholomew is ALLOWED.

Neither party has raised, and the court therefore does not consider, the impact of G.L.c. 260, §2B which sets forth a statute of repose period of six years for any action seeking damages “arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . .”