Henchey, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage sustained by him as a result of the negligence of an operator of the defendant’s motor vehicle, which, on July 9, 1936, at the intersection of Preble Street and Old Colony Road, Dorchester, Massachusetts, was in collision with the motor vehicle owned by the plaintiff and in which he was then riding.
The answer is a general denial and a plea of contributory negligence. The defendant also answered that the defendant’s motor vehicle was not being operated by or under *104 the control of a person for whose conduct the defendant was legally responsible; but this part of the answer wa,s waived by the defendant at the outset of the trial, and the defendant admitted that if there is liability to the plaintiff, it is by the defendant.
The case was reported to the Appellate Division on the plaintiff’s claiming to be aggrieved by certain of the Court’s rulings and refusals to rule as requested. Because the rulings and requested rulings concern only the question of the legality of the registration of the plaintiff’s motor vehicle, it becomes important here to review only the evidence offered as to registration.
At the trial there was evidence that the plaintiff registered his car from number 24 Windsor Street, Cambridge, Massachusetts, where his estranged wife had her domicile. It was so registered with her consent. The plaintiff parked his car in the street in front of the house where his wife lived instead of using’ a garage, although at times he did garage his automobile in Cambridge. The plaintiff never lived at number 24 Windsor Street, Cambridge. However, previous to the date of the accident, he received all his mail at that address, and, if at any time he was needed, he could have been located through that address. The plaintiff’s estranged wife always knew where he was residing. The plaintiff roomed at a rooming house in Boston for some time previous to, at the time of, and a short time after the date of the accident. The records at the Boston City Hall show that the plaintiff’s address was at number 4 Ringold Street, Boston, Massachusetts, which is the rooming house. The plaintiff’s business was such as to take him out of town often and such as would cause him to change his physical address very often. There was also evidence that the plaintiff kept his car at various times at number 4 Ringold Street, Boston, Massachusetts.
*105 At the close of the trial and before final arguments, the plaintiff made the following requests for rulings:
1. Upon all the evidence, the plaintiff requests the Court to rule as a matter of law that variations on the application of registration and registration of the automobile of the plaintiff from the literal terms of the statute do not affect in material particulars the purpose of the statute.
2. Upon all the evidence, if the Court finds that there were variations on the application for registration of the motor vehicle of the plaintiff and on the registration certificate, then the Court rules as a matter of law that such variations not affecting in material particulars the purpose of the statute, do not invalidate the registration of the plaintiff’s motor vehicle or render said motor vehicle an outlaw on the highway.
3. Upon all the evidence, the plaintiff requests the Court to rule as a matter of law that even though the answers on the application for registration are not strictly accurate or completely responsive to the questions, they do not affect the main purpose of the registration and interfere with the easy identification of the plaintiff, the applicant.
4. Upon all the evidence, the plaintiff requests the Court to rule as a matter of law that the address given by the plaintiff in the application for registration and the registration certificate at No. 24 Windsor Street, Cambridge, Massachusetts, was the place where the plaintiff could be identified as the owner of the motor vehicle within the meaning of General Laws, Chapter 90, Section 2, Tercentenary Edition.
5. Upon all the evidence, the plaintiff requests the Court to rule as a matter of law that the application of registration of the motor vehicle and/or the registration contained a statement of the name, place of residence and address of *106 the applicant, the plaintiff, in accordance with and as required by General Laws, Chapter 901, Section 2, Tercentenary Edition.
6. Upon all the evidence, the plaintiff requests the Court to rule as a matter of law, that the plaintiff’s motor vehicle was legally registered under General Laws, Chapter 90, Section 2, Tercentenary Edition.
7. Upon the evidence, if the Court should find as a matter of law that the statements on the application and certificate of registration of the plaintiff’s motor vehicle were true when applied to his established habits of life, then the plaintiff requests the Court to rule as a matter of law that the motor vehicle was properly registered on the highways of the Commonwealth of Massachusetts under General Laws, Chapter 90, Section 2, Tercentenary Edition.
8. Upon all the evidence', if the Court finds as a matter of fact that the mailing address of the plaintiff, who was the owner of the motor vehicle in which he was riding, was 24 Windsor Street, .Cambridge, Massachusetts, as set forth in his application for registration, then the plaintiff requests the Court to rule as a matter of law that the automobile of the plaintiff was legally registered in the Commonwealth of Massachusetts.
9. Upon all the evidence, if the Court finds as a matr ter of law that the address, to wit: 24 Windsor Street, Cambridge, Massachusetts, was the mailing address of the plaintiff and further finds that the plaintiff garaged his motor vehicle at Cambridge, Massachusetts, then the Court rules as a matter of law that the plaintiff’s motor vehicle •was legally registered in compliance with General Laws, Chapter 90, Section 2, Tercentenary Edition.
. 10.' Upon all the evidence, the plaintiff requests the Court to rule as a matter of law that the motor vehicle was legally registered and in compliance with the General Laws *107 and, therefore, legally upon the highway, on or about the ninth day of July, 1936, at or near the intersection of Preble Street and Old Colony Avenue, in Boston, Massachusetts, at the time of the accident with the motor vehicle of the defendant.
The Court granted the plaintiff’s requests for rulings numbered 1, 2 and 3, but noted: “Not applicable to facts found;” and refused those numbered 4, 5, 6, 7, 8, 9, 10.
The Court found the following facts: “I find that the plaintiff lived in Boston and that the car was garaged in Boston.”
The report contains all the evidence material to the questions reported.
While it does not appear from the report that the plaintiff, at the trial, made any specific objection to the introduction of evidence by the defendant of illegality of registration under an answer which contained a general denial and a plea of contributory negligence, yet the plaintiff has argued that illegality of registration is an affirmative defence which must be specifically pleaded by the defendant. Without determining whether this matter is properly before us, we may dismiss the plaintiff’s contention as being contrary to adjudicated eases. If the plaintiff’s automobile was improperly registered, it was unlawfully upon the highway. Our Courts have said that the illegality of the operation of an unregistered motor vehicle on the highway so permeates a plaintiff’s presence upon the highway that it cannot be separated therefrom and his presence thereon is regarded as contributing directly to the injury and the plaintiff cannot maintain an action for negligence. Such a wrongful act is a violation of the registration statute, and, as a matter of law, is evidence of negligence. Crompton v. Williams, 216 Mass. 184; MacDonald v. Boston Elevated Railway Co., 262 Mass. 475; Potter v. Gilmore, 282 Mass. *108 49; Capano Admr. v. Melchionno 1937 A. S., 493 at 501. It cannot be denied that the burden of establishing the .defense that the plaintiff’s motor vehicle was being operated upon the highway in violation of the registration statute rested upon the defendant. Conroy v. Mather, 217 Mass. 91; Brewer v. Hayes, 285 Mass. 144; MacInnis v. Morrissey, 1937 A. S., 1559.
Although the defendant’s answer does not allege that the plaintiff’s automobile was not legally registered, it is well established in our law, and it is clear from reason because of the effect which such illegal operation, as a matter of law, has upon the plaintiff’s presence upon the highway, that the fact of illegal registration can be proved under an allegation of contributory negligence, such as was alleged in this case. MacDonald v. Boston Elevated Railway Co., 262 Mass. 475; MacInnis v. Morrissey, 1937 A. S. 1559. We now come to the question of the legality or illegality of the registration of the plaintiff’s motor vehicle.
The trial court granted requests numbered 1, 2 and 3, adding, however, that they were not applicable to the facts found. The report does not state any evidence which would lead us to the conclusion that this finding was unwarranted.
In our opinion there was prejudicial error in the Court’s refusal to grant Request No. 10 and because we take this view it is unnecessary for us to deal with Requests numbered 4, 5, 6, 7, 8 and 91 which deal with specific rulings with reference to registration which the Court may or may not have been warranted in refusing to grant.
General Laws (Ter. Ed.) Chapter 90, Section 2, requires that the application for registration shall contain a statement of the name, place of residence and address of the applicant.. It has been frequently stated that the purpose of the statute requiring .registration is “that there may be upon the public records an easy means of identification of *109 the automobile and its owner.” Koley v. Williams, 265 Mass. 601; Nash v. Lang, 268 Mass. 407 at 409; Doyle v. Goldberg, 1936 A. S., 785; Gaverno v. Houghton, 1936 A. S., 791; Direct Mail Service, Inc. v. Registration of Motor Vehicles, 1937 A. S., 31 at 33; and Santa Maria v. Trotto, 1937 A. S., 1061 at 1064.
The Court found “that the plaintiff lived in Boston.” While it cannot be disputed that there was evidence sufficient to support this finding, yet it cannot be said that such a finding is sufficient to support the conclusion that the plaintiff’s motor vehicle was illegally registered. It appears from the evidence that the easiest place, in fact, because the plaintiff’s business “took him out of town a good bit of the time,” the only place where the plaintiff’s whereabouts could be determined with accuracy was at 24 Windsor Street, Cambridge, Massachusetts. The test is not where one lives for some considerable length of time. Doyle v. Goldberg, 1936 A. S., 785; Caverno v. Houghton, 1936 A. S. 791. Bather, the test is: Where can the owner be readily found by those interested without uncertainty or need for search. Richer v. Boston Elevated Railway Co. 290 Mass. 111, (a case decided before the enactment of Statutes 1934, Chapter 361.)
The plaintiff stated his residence as 24 Windsor Street, Cambridge, Massachusetts. In this he was mistaken. It was an honest mistake; an error in favor of the purpose of the statute, for he could be more readily found there than at 4 Bln gold Street, Boston, Massachusetts. There is no evidence of a fraudulent or dishonest purpose. Chapter 361 of the Acts of 1934 provides that any mistake in the statement of the residence of the applicant shall not invalidate the registration. But such a mistake includes only complete honesty of purpose; it excludes every element of design. Brown v. Robinson, 275 Mass. 55 at 58; Emeneau *110 v. Hillery, 282 Mass. 280 at 284; MacInnis v. Morrissey, 1937 A. S., 1559. It appears from the evidence that the plaintiff’s wife was living at 24 Windsor Street, Cambridge, Massachusetts; the plaintiff received all his mail there; at that place he could easily be located and for all that appears, an ending of the estrangement would mean his return. It would have been more confusing to attempt to locate the plaintiff at 4 Bingold Street, Boston, than at 24 Windsor Street, Cambridge. The facts in the instant case appear to us to more closely resemble those in Topf v. Holland, 288 Mass. 552, than those in Lappanasse v. Loomis, 1937 A. S., 717. In the Lappanasse case, the applicant had been separated from her husband for two years and was living with her parents who had the same last name as the applicant, yet in her application for registration she gave her husband’s address as her residence. The Court held the registration to be illegal because the owner could not be easily found without uncertainty or need for search. However, in the Topf case, the applicant was a seaman who lived in Dedham, but because of the fact that he was often away on sea duty, he established his headquarters at New Bedford, received his mail there, and registered his car from there. The Court held that such a registration was valid stating that it was the purpose of the statute, requiring a statement of the place of residence and address of the applicant, to identify the owner. The reasoning in that case can be applied with equal force to the instant case where the applicant gave that address at which he could easily, readily and without confusion or need of search be identified. More than that he is not required to do.
Because of this prejudicial error the case must be sent back for a new trial.